Argued June 4, affirmed June 30, rehearing denied September 8, 1914.

## MERRIFIELD *v.* McCLAY.

(142 Pac. 587.)

**Sales—Validity of Contract—Fraud.**

1. Where the seller of a horse represented that it was three fourths Coach and one fourth Morgan and entitled to registration, when in fact the pedigree of the dam was unknown, rendering the horse ineligible to registration, the buyer had the right to rescind the contract.

**Sales—Rescission of Contract—Restoration of Consideration.**

2. Where the purchasers of a horse, on discovering the falsity of the sellers' representation that he was entitled to registration, offered to return the horse, and on the sellers' refusal to receive him left it in a livery barn at the expense of plaintiffs, where it was sold for a feed bill, the inability of the buyers to return the horse at the time of commencement of the suit by the sellers to foreclose a mortgage to secure purchase price does not deprive the buyers of their right to rescind.

From Crook: WILLIAM L. BRADSHAW, Judge.

Department 1.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by J. W. Merrifield and C. D. Hartman against Z. T. McClay and Mary McClay to foreclose a mortgage upon certain real estate in Crook County, Oregon.

The defendants answered, setting up in substance: That the notes, to secure which the mortgage was executed, were given for the purchase price of a stallion

sold by plaintiffs to defendant T. P. McClay. That, in order to induce defendant to purchase the horse, plaintiffs falsely represented that he was three fourths Coach and one fourth Morgan and entitled to registration, and agreed that they would send a pedigree setting forth said facts within 30 days from the date of purchase. That said horse was not three fourths Coach and not one fourth Morgan and not entitled to registration, and that plaintiffs failed to furnish the pedigree so requested, and that thereupon defendants elected to rescind the purchase and offered to return the horse, which plaintiffs refused to receive. That said horse was purchased for breeding purposes, and was wholly valueless to defendants. That defendants relied upon such representations in making the purchase.

The plaintiffs replied, denying the defensive matter alleged by defendants, except that they admitted that he had offered to return the horse, and that they had declined to accept it. Upon trial there was a decree for defendants, and plaintiffs appeal.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief with oral arguments by *Mr. John A. Carson* and *Mr. Custer E. Ross.*

For respondents there was a brief and an oral argument by *Mr. W. A. Bell.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The evidence is conflicting, but we think a clear preponderance indicates that the plaintiffs represented that the horse sold was three fourths Coach and one fourth Morgan and entitled to registration as a grade stallion, and that their representations induced defendant McClay to purchase him. It also appears that

the horse was sired by a pure bred Coach horse by a dam whose pedigree was unknown, which rendered him ineligible to registration and detracted greatly from his value as a service stallion. This being so, the defendant had a right to rescind. It appears that he personally and by letter offered to return the animal, and that plaintiffs refused to accept it. He then left it in a feed stable at plaintiffs' cost, and it was sold by the proprietor to satisfy a lien for its feed. The evidence as to the sale is meager, and there is no evidence that the animal was of any value for any purpose than as a stallion.

2. The most difficult question in the case is whether the defendant, being confessedly unable at the time of the commencement of this suit to restore the animal and thereby place the plaintiff *in statu quo,* can be permitted to rescind.

In an action at law for damages for deceit, the plaintiff was usually required to allege and prove that he had tendered back the article purchased, or that it was entirely worthless, or that he had been rendered unable to return it by reason of the fraud of the vendor: *Sisson* v. *Hill,* 18 R. I. 212 (26 Atl. 196, 21 L. R. A. 206); *Brown* v. *Norman,* 65 Miss. 369 (4 South. 293, 7 Am. St. Rep. 663). But such is not the invariable rule even in actions at law: *Brown* v. *Norman, supra.* Where such return has been rendered impossible by the act of the fraudulent party, the deceived vendee may recover, even though the thing purchased cannot be restored: *Brown* v. *Norman, supra; Hammond* v. *Pennock,* 61 N. Y. 153. Such was substantially the holding of this court in *Jones* v. *McGinn,* 70 Or. 236 (140 Pac. 994). And, in a suit in equity to rescind for fraud, it is unnecessary to plead or show present ability to restore the *statu quo,* as the court, being

able to administer relief, can in a proper case require the defrauded party to do equity as a condition precedent to obtaining the relief sought: *Warner* v. *Daniels,* 29 Fed. Cas. 246; *Brown* v. *Norman,* 65 Miss. 369 (4 South. 293, 7 Am. St. Rep. 663); *Scott* v. *Perrin,* 7 Ky. (4 Bibb) 360.

In the case at bar the defendants seasonably offered to return the animal, and, the offer being refused, left it in a livery barn at plaintiffs' expense, where it was sold for a feed bill, and, so far as appears from the testimony, was lost to plaintiffs. The court has found that the plaintiffs were in the wrong, and that finding is conclusive upon them; that it was their duty to have accepted defendants' offer to return the animal. The earliest note to mature had yet 8 months to run, and the other about 20 months, when the offer to return the property was made. Under the circumstances, it was not incumbent upon defendants to keep an animal of this character, worthless to them, at their own expense until plaintiffs should see fit to attempt to foreclose their mortgage. In principle this case does not differ from *Jones* v. *McGinn,* above cited, and plaintiffs' probable loss of the animal results from their inequitable refusal to accede to defendants' offer to rescind.

The decree is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.