[Civ. No. 1445. First Appellate District.—January 25, 1915.]

## LEWIS G. PEPPER, Respondent, v. G. VEDOVA, Appellant.

CONTRACTS—PURCHASE OF HORSES—ACTION TO RESCIND—FRAUD—PLEADING.—In an action to rescind a contract for the purchase of a team of horses the complaint sufficiently alleges an intent to defraud where it avers that the defendant willfully, falsely, fraudulently, and deceitfully stated and represented to the plaintiff the said team of horses, of which he was then and there possessed, "to be a well matched team, to work together under harness for wagon and general farm work, not balky, no bad habits, physically sound and without fault, blemish, disorder or disease," which representations were false in essential particulars and known to be so by the defendant, and upon which plaintiff relied.

ID.—BREACH OF WARRANTY.—Such complaint is also sufficient as presenting an action to rescind the contract for a breach of an essential warranty as to the quality of the property sold.

ID.—EXECUTED CONTRACT OF SALE—WARRANTIES AS A CONDITION—SECTION 1786 CIVIL CODE—RESCISSION—INTENT TO DECEIVE—WHEN IMMATERIAL.—Whether the parties to an executed contract of sale intended that its warranties should operate as a condition may be determined from the essential nature of the warranties; and if the false representations as to the quality of the property go to the essence of it value, and render it useless, and hence valueless, to its purchaser, it necessarily follows that the warranty was an essential condition of the sale, and upon discovery of its breach the purchaser has a right to rescind his contract under section 1786 of the Civil Code; and in such a case whether the defendant knew or did not know the representations to be false, or did or did not intend to commit fraud in making them is immaterial, and it is not neces-

sary to either plead or prove an intent to deceive in making such representations.

ID.—FINDINGS—WHEN WITHIN ISSUES.—In such a case where the findings set forth specifically the representations made, and also specifi cally recite the elements of. their falsity, and find that these representations were willfully, falsely, and fraudulently made they sufficiently respond to the issue of fraud.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Martinelli & Greer, for Appellant.

Frederick L. Berry, for Respondent.

THE COURT.—This is an action to rescind a contract for the purchase of a team of horses. The plaintiff alleges that the defendant willfully, falsely, fraudulently, and deceitfully stated and represented to the plaintiff the said team of horses of which he was then and there possessed ''to be a well matched team, to work together under harness for wagon and general farm work, not balky, no bad habits, physically sound and without fault, blemish, disorder or disease''; that the plaintiff not being a horseman nor experienced in horses or in their purchase, relied and depended upon the defendant's aforesaid representations, knowing nothing to the contrary regarding said team; that the representations of the defendant were false in a number of essential particulars set forth in the complaint, of all of which the defendant had full knowledge at the time the representations were made. The complaint was otherwise sufficient in point of form as to the requisites of an action for rescission. The defendant did not demur to the complaint, but answered, specifically denying its averments, and the cause went to trial upon the issues thus presented.

The court found that the defendant, being possessed of the team of horses, ''willfully, falsely and fraudulently stated and represented said team to be then and there a well matched team, to work together under harness, a true pulling team under harness for wagon and general farm work, not balky, and physically sound, no bad habits, without fault, disorder

or disease." The court also found that the plaintiff had relied upon these representations of the defendant, and had been deceived thereby in purchasing said team, and also specifically found that the horses were defective in the particulars set forth in the complaint, and judgment was thereupon rendered in favor of the plaintiff for the rescission of the sale. The appeal is from this judgment, and is presented upon the judgment-roll alone.

The two main contentions of the appellant are: 1. That the complaint is insufficient in the respect that it does not contain an allegation that the representations of the defendant upon which the plaintiff relied were made by the defendant with intent to defraud; and, 2. That the findings do not respond to the issue of fraud presented by the pleadings in the respect that they do not set forth the facts constituting the fraud.

We do not think that the contention of the appellant in either of these respects can be sustained. The case as presented by the pleadings has two aspects. It may be treated as an action to rescind a contract on the ground of fraud; and viewed from this aspect we think that a complaint which avers that representations, such as those made respecting the essential qualities of the property involved in this action, were false and were known to be false by the persons making them, and were willfully, falsely, fraudulently, and deceitfully made, sufficiently avers an intent to defraud the person to whom they were made, and who relied upon them in purchasing the property. (*Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011].) We think also that the findings in the case viewed from this aspect, which set forth specifically the representations made, and also specifically recite the elements of their falsity, and which then proceed to find that these representations were willfully, falsely, and fraudulently made, sufficiently respond to the issue of fraud presented by this aspect of the case.

The other aspect in which the pleadings present this cause is that of an action to rescind a contract for the breach of an essential warranty as to the quality of the property sold. Viewing the case from this aspect, the complaint and findings amply set forth the specific terms of the warranty, the fact of its falsity, and the specific nature and extent of its breach. The contention of the appellant that an action cannot be brought to rescind an executed contract for the breach of a

warranty of the kind in question here, under the terms of section 1786 of the Civil Code, cannot, we think, be sustained. That section of the code provides that "A breach of a warranty entitles the buyer to rescind an agreement for sale, but not an executed sale unless the warranty was intended by the parties to operate as a condition." (Civ. Code, sec. 1786.) Whether the parties to an executed contract of sale intended that its warranties should operate as a condition may be determined from the essential nature of the warranty; and if, as in this case, the false representations as to the quality of the property go to the essence of its value, and render it useless, and hence valueless, to its purchaser, it would follow necessarily that the warranty was an essential condition of the sale, and that upon the discovery of its breach the purchaser would have a right to rescind his contract under this section of the code (*Stockton Sav. & L. Soc.* v. *Giddings,* 96 Cal. 84; [31 Am. St. Rep. 181, 21 L. R. A. 406, 30 Pac. 1016] ; *Hoult* v. *Baldwin,* 67 Cal. 610; [8 Pac. 440] ; *Merrifield* v. *McClay,* (Or.) 142 Pac. 587). From this aspect of the case it would be entirely immaterial whether the defendant knew or did not know the representations to be false, or did, or did not intend to commit fraud in making them.    It is not necessary to either plead or prove an intent to deceive in making such representations (*Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011] ). The proof of their falsity and of their essential nature as a vital element entering into the contract of sale, would be sufficient to entitle the purchaser to rescind.    Both of these elements fully appear in the complaint and in the findings of the court.    In all other respects the findings are sufficient to sustain the judgment.

Judgment affirmed.