[Civ. No. 1729. First Appellate District.—December 4, 1915.]

## LEE B. COATS, Respondent, v. WARREN H. HORD, Appellant.

CONTRACT—EXCHANGE OF STALLION AND MULE—RESCISSION.—In an action for the rescission of a contract for the exchange of a stallion for a jack mule, where the court found upon sufficient evidence that the exchange had been brought about through certain statements made by the defendant, which amounted to an express warranty of the foal-producing qualities of the jack, and which had proven untrue, the plaintiff was entitled to rescind the contract, where he did so promptly.

ID.—FORM OF JUDGMENT—RETURN OF PROPERTY.—In such a case the judgment which, while giving to the plaintiff in the form of damages all that the evidence showed the stallion to be worth, made no provision for the return of the defendant's property, was erroneous in this respect, and should be modified.

ID.—WARRANTY—ESSENTIALS.—It is not necessary, in order to create an express warranty of an article of personal property, that the word "warrant" should be employed or that any particular or any formal words of warranty should be used. Any affirmation made at the time of the sale or exchange as to the quality or condition of the thing sold will be treated as a warranty if it was so intended, and if the other party acquired the property on the faith of such affirmation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. William M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Bridgford & Nunlist, W. A. Nunlist, and E. A. Bridgford, for Appellant.

Walter H. Linforth, and Linforth & Herrington, for Respondent.

RICHARDS, J.—This is an action brought for the rescission of a contract for the exchange of a stallion for a jack mule, the plaintiff averring that the latter animal proved worthless for the purpose for which he acquired it. The cause was tried upon the issues presented by the pleadings.

The court found that the exchange had been brought about through certain statements made by the defendant which amounted to an express warranty of the foal-producing qualities of the mule, and which had proven untrue. It further found that the stallion was of the value of five hundred dollars, and the court thereupon rendered a judgment in plaintiff's favor for the sum of five hundred dollars, but made no provision in such judgment for the return of the defendant's mule.

The respondent argues in support of such judgment that the finding of the court to the effect that the defendant's mule "was useless and worthless for any purpose and of no value" made it unnecessary to order its return; but we think that this finding must be read in connection with the pleadings and proofs in the case, and, so read, must be limited to the valuelessness of the animal for the uses which induced the exchange.

The appellant contends that the findings of the court with reference to the express warranty of the mule by the defendant are not supported by the evidence in the case; but in this we think he is in error, and that there is sufficient evidence in the record to sustain the findings of the court in that regard. It is not necessary, in order to create an express warranty of an article of personal property, that the word "warrant" should be employed, or that any particular or formal words of warranty should be used. Any affirmation made at the time of the sale or exchange as to the quality or condition of the thing sold will be treated as a warranty if it was so intended, and if the other party acquired the property on the faith of such affirmation. (*McLennan* v. *Ohmen,* 75 Cal. 558, [17 Pac. 687]; *Luitweiler etc. Co.* v. *Ukiah etc. Co.,* 16 Cal. App. 198–207, [116 Pac. 707–712].) In this case we think the plaintiff acted in making the exchange upon the defendant's representations as to the foal-getting qualities of his mule, and that he was entitled to rescind, and that he did in fact rescind with sufficient promptitude to satisfy the rule as to rescission.

The appellant's next contention, however, is a more serious one. The judgment of the court, while giving to the plaintiff in the form of damages all that the evidence showed the stallion to be worth, made no provision in the judgment for the return of the defendant's property. We think the court

in this respect was in error, but that it is an error which can be cured by a modification of the judgment without the necessity of another trial of the cause. It is therefore ordered that the judgment of the trial court be so modified as to provide that the plaintiff shall return to the defendant his property upon satisfaction of the money judgment in the plaintiff's favor, and that each of the parties shall pay his own costs upon appeal.

Lennon, P. J., and Kerrigan, J., concurred.