[Civ. No. 1808.  First Appellate District.—December 12, 1916.]

## JAMES MORRIS, Respondent, v. FIAT MOTOR SALES COMPANY OF CALIFORNIA et al., Appellants.

EXPRESS WARRANTY—CREATION OF.—It is not necessary, in order to create an express warranty of an article of personal property, that the word "warranty" should be employed, or any form of affirmative words of warranty. Any affirmation made at the time of the sale or exchange, as to the character or condition of the thing sold, will be treated as a warranty if it is so intended, and if the other party acquired the property on the faith of such affirmation.

ID.—RESCISSION OF CONTRACT OF SALE OF AUTOMOBILE—MISREPRESENTATION AS TO MODEL—SUFFICIENCY OF ALLEGATION OF EXPRESS WARRANTY.—In an action for the rescission of a contract of sale of an automobile on the ground of misrepresentation as to model, an allegation of an express warranty as to the quality and character of the machine is sufficiently made by the averment that the defendants falsely represented to the plaintiff as a fact that the automobile was a 1912 model Pope-Hartford 50 horse-power car, whereas in truth and fact it was a 1911 model of that make, and that plaintiff wholly relied upon such representation in making the purchase.

ID.—RELIANCE UPON REPRESENTATION—RIGHT OF PURCHASER.—The purchaser has the right to rely upon such representation as to the quality and condition of the machine, and is not required to verify it by independent investigation, where the sales company and its agent who made the sale were engaged in the business of selling automobiles, and the plaintiff knew little or nothing about them, but was acquainted with the agent and had confidence in him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Henry H. Davis, and Joseph A. Sanford, for Appellants.

F. L. Berry, for Respondent.

KERRIGAN, J.—From the evidence in this case it appears that in the month of March, 1913, the plaintiff purchased from the defendants a second-hand automobile styled Pope-Hartford through the efforts of one Shaw, who was employed by the defendants as a mechanic and demonstrator, but who, under the evidence in this case, must be regarded as the agent of the defendants in the sale of the car in question. During the negotiations for the same Shaw represented to the plaintiff, among other things, that the car was a "1912 model." Within a month after the purchase the plaintiff discovered that the car was not of the manufacturer's model of 1912, but of 1911, and was consequently of less value, whereupon he immediately offered to redeliver the car to the defendants, and demanded the return of the purchase price. This offer and demand being refused, he commenced this action for rescission of the contract. Judgment went for the plaintiff, and this appeal is by the defendants from that judgment and from an order denying their motion for a new trial.

It is true, as claimed by defendants, that an express warranty to be available must be alleged in the complaint; but this does not mean that in order to create an express warranty of an article of personal property the word "warranty" should be employed, or any form of affirmative words of warranty. Any affirmation made at the time of the sale or exchange, as to the character or condition of the thing sold, will be treated as a warranty if it is so intended, and if the other party acquired the property on the faith of such affirmation. (*Coats* v. *Hord,* 29 Cal. App. 115, [154 Pac. 491]; *Luitweiler etc. Engine Co.* v. *Ukiah Water etc. Co.,* 16 Cal. App. 198, 207, [116 Pac. 707, 712]; *Pepper* v. *Vedova,* 26 Cal. App. 406, [147 Pac. 105]; 35 Cyc. 381.)

In the present case the complaint alleges that the defendants falsely represented to the plaintiff as a fact that the automobile was then and there a 1912 model Pope-Hartford 50 horse-power car, whereas in truth and in fact it was a 1911 model of that make; that plaintiff wholly relied upon said representation in making the purchase. This, we think, constituted an allegation of an express warranty as to the quality

and character of the automobile. (*Bergeler* v. *Michael*, 84 Wis. 627, [54 N. W. 995]; 35 Cyc. 448; *Barry* v. *Danielson*, 78 Wash. 453, [139 Pac. 223]; 30 Am. & Eng. Ency. of Law, 136, 138.)

Neither do we agree with the defendants' contention that, under the circumstances of the case, plaintiff having had an opportunity to investigate and learn whether or not the representation of the defendants was true, he had no right to place reliance upon their statements. Whenever a positive representation of a material fact is made, the party receiving it is in general entitled to rely and act upon it, and is not bound to verify it by an independent investigation. (30 Am. & Eng. Ency. of Law, 146; *Maxon-Nowlin Co.* v. *Norswing*, 166 Cal. 509, [137 Pac. 240]; *Dow* v. *Swain*, 125 Cal. 674, [58 Pac. 271]; Pomeroy's Equity Jurisprudence, sec. 895.) "Where there is an express warranty the buyer is under no obligation to inspect or examine the goods purchased, but may rely on the warranty." (35 Cyc. 378.) In the case at bar the automobile company and its representative who conducted the sale were engaged in the business of selling automobiles; the plaintiff, it appears, knew little or nothing about such vehicles, but he was acquainted with the sales agent and had confidence in him. During the negotiations the agent made a positive representation of a material fact and not of a mere matter of opinion or judgment, for the purpose—as the trial court with reason held—of inducing the plaintiff to make the purchase, and which representation was accepted and relied on by him. Such a representation constituted an express warranty. (35 Cyc. 381.)

Defendants also assert that the plaintiff sustained no injury by reason of the misrepresentation. It was conceded at the trial that, other things being equal, a 1912 model Pope-Hartford 50 horse-power automobile was worth at least two hundred dollars more than a 1911 model of the same make.

Two other points are discussed in the briefs, but they are wholly without merit and require no detailed discussion.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.