[Civ. No. 1874.     Second Appellate District.—June 6, 1917.]

## JAMES P. HOGAN, Respondent, v. EARLE C. ANTHONY et al., Appellants.

CONTRACT FOR SALE OF MOTOR TRUCK—LEASE CULMINATING TRANSACTION—RESCISSION.—Where, in an action to enforce rescission of a contract for the purchase of a motor truck, it is shown that on the day following the making of the contract the defendants executed a lease of the truck to the plaintiff which provided for deferred payments, evidenced by notes, and that the truck was not delivered until after the execution of the lease and notes, a judgment in favor of the plaintiff based upon the rescission of the contract without any rescission of the lease is unwarranted, as the lease was the conclusion and culmination of the transaction by which the rights of the parties must be adjudged.

ID.—RETAKING OF TRUCK—EVIDENCE—FINDINGS.—In this action to enforce a rescission of a contract for the purchase of a motor truck, it is held that the findings that the plaintiff, upon discovering the untruth of the representations concerning the capacity of the truck, informed defendants that the truck was valueless to him, that he returned it to defendants, and that they accepted and received it, has no support in the evidence, but that the evidence shows that the truck was seized by defendants for nonpayment of a deferred payment with plaintiff's acquiescence.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, and Paul Nourse, for Appellants.

Ralph E. Swing, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment and from an order denying a motion for a new trial.

On August 12, 1914, the appellants, by a writing which we shall hereafter, for convenience, call the contract, agreed to sell respondent an automobile truck for the sum of $1,650. Of this amount five hundred dollars was paid at the time, under a recital that it was paid as a deposit to apply upon the purchase price, and the remainder was agreed to be met in eleven monthly installments of one hundred dollars each and an additional installment, at the twelfth month, of fifty dollars. On the next day, the 13th, the parties entered into a lease of the car, Hogan being the lessee; and he executed notes to one of the appellants for the deferred payments mentioned in the contract. The lease recited that the sum of five hundred dollars had been paid down, provided for the making of the twelve deferred payments as rental, mentioned the notes as having been given of even date with it, declared them to be a part of the lease, fixed a term coincident with the running of the notes, and provided that Hogan might purchase the truck at the end of the term for a consideration of one dollar. The car was not delivered to Hogan until after the execution of the lease and notes, as his own testimony shows. It is also to be stated that the evidence of appellants shows that, at the time the contract was signed, there was an oral understanding between the parties that Hogan would on the next day execute notes to cover the deferred payments. This Hogan did not deny.

The action is to enforce a rescission. The amended complaint sets up the contract and alleges a delivery of the truck under it, alleges that the instrument was entered into by Hogan because of the misrepresentations of appellants concerning the capacity of the truck, that the lease and notes were executed without consideration, and that Hogan returned the truck upon discovering the untruth of the representations. It also presents the other allegations necessary to the complete statement of such a cause of action, and demands judgment for a return of the money and of the notes. The trial court found with respondent, and rendered judgment accordingly.

The appellants contend that various of the findings are not supported by the evidence, but, so far as the points presented by them in that regard are necessary to be discussed in this opinion, the position of the appellants may be summarized thus: They insist that the attempted rescission of the contract can boot the respondent nothing, for the reason that the instrument did not evidence the final agreement between the parties, but that their respective obligations must be measured by the terms of the lease.

It has been determined in many instances, particularly, in this state, in the case of *Houser & Haines Mfg. Co.* v. *Hargrove,* 129 Cal. 90, [61 Pac. 660], that a completed sale of property cannot afterward be changed to a conditional sale. In the case cited, sale and delivery had been entirely consummated and the transaction was attempted to be altered two months later by a new and conditional agreement. The situation here is quite different. The facts above stated, and the entire record, which we have gone over carefully, disclose a situation, during the period between the execution of the contract and the execution of the lease, in which the parties were engaged in closing a single transaction. Of this transaction, the lease was the conclusion and the culmination, and by it must the rights of the parties be judged. The respondent does not claim to have rescinded the lease. He denies its existence and expressly relies upon an alleged rescission of the contract, a paper merely preliminary to the lease and which was abrogated by it. The findings to which appellants take exception are not sustained by the evidence.

One of the findings objected to by the appellants is to the effect that respondent, upon discovery of the untruth of the representations appellants had made to him, informed them that the truck "could not be used by him in his said business in the manner represented by defendants and that it was valueless to him," and that on September 18, 1914, he returned it to them and they "accepted and received" it. The appellants claim, under appropriate allegations of the answer, that the truck was seized by them on the date mentioned in the finding, under a provision in the lease, for Hogan's failure to pay the first installment note, which fell due on September 13th, and that Hogan acquiesced in the seizure. The finding has no support in the evidence, but, on the other hand, the theory of appellants as to the seizure of the truck is directly

sustained by it.    Hogan himself testified as follows as to what
happened between him and a representative of appellants from
September 13th, when the first note fell due, to September 18th,
when he parted with possession of the truck after having used
it in his business for over a month: "I told him how it was
acting . . . and he said, 'Well, you've got to pay that hun-
dred dollars,' or 'There is a hundred dollars due,' and I said,
'No, I am not,' and he said, 'If you don't we will make you,'
and I said, 'All right; come and take it if you want it, but
I am not going to pay any more until you make some settle-
ment.    I want somebody to come out here that knows some-
thing about it.    I am willing to do anything agreeable, but
I am not going to pay $100.00 until something is done';
and he said, 'We'll come and take the truck,' and I said, 'All
right,' and he  . . . drove off."    Later, but between the same
dates, there was another meeting.    Hogan says this is what
occurred: "He spoke about the truck and about the hundred
dollars, and wanted to know if I was going to pay it, and I
said 'No,' and he said, 'I am going to take the truck,' and I
said, 'All right, but I think it would be better to make some
settlement about it.'    'Well,' he said, 'if you want to pay
the one hundred dollars; if you don't I will take the truck.'
I said, 'I will go down to the ice-house and take the load off.'
'All right,' he said, 'I will go down'; he got in the machine
and went down.    He said, 'Don't you think you had better
pay this note?'    I said, 'I am not going to.    This truck is no
good to me and I will not pay any more money on it.'    He
said, 'I will tie this truck up,' and I said, 'Can you do it?'
and he said, 'I have got the papers right in my pocket to do
it,' and he said: 'If you don't want to give it up I will go up
town and get an officer and tie it right up,' and I said, 'You
need not do that; if you want the truck I will put it any-
where you say so,' and he said, 'Take it to that garage,' and
I said, 'All right.'    I took it to the house, took the body off
and took it down."

This is all that occurred in connection with the surrender of
the truck or in an attempt to effect a rescission, except that
more than two months after the car was taken away Hogan
wrote a letter to applicants, in which he demanded a return
of his money and of the twelve promissory notes, and said,
"This truck, as you know, was not as represented, and has
been returned to you."

These circumstances fail to show a rescission, even of the contract.

It is unnecessary to consider any of the other points presented by the appellants. The judgment and order are reversed and the cause remanded.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1917.