[Civ. No. 1982.  First Appellate District.—April 5, 1918.]

## E. M. HACKETT et al., Appellants, v. M. E. LEWIS et al., Respondents.

SALE — BREACH OF WARRANTY — FINDINGS — CONFLICT OF EVIDENCE — APPEAL.—In an action for the foreclosure of a chattel mortgage given to secure the payment of several promissory notes evidencing the purchase price of a motor truck, where there was substantial evidence supporting the findings on the defense of breach of warranty as to the carrying capacity of the truck, they will not be disturbed on appeal.

ID.—CARRYING CAPACITY OF MOTOR TRUCK—WARRANTIES.—Representations expressly and repeatedly made that a motor truck had a certain carrying capacity are warranties where the purchaser was afforded no opportunity to learn such capacity, although he was more or less familiar with automobiles, and was present at a demonstration when the car was operated without a load.

ID.—WARRANTIES—WHAT CONSTITUTES.—Any distinct assertion or affirmation as to the quality or character of the thing sold, made by the seller during the negotiations for the sale, which it may be reasonably supposed was intended to induce the purchase and was relied upon, will be treated as a warranty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Chas. R. Holton, for Appellants.

F. J. Castelhun, for Respondents.

KERRIGAN, J.—The plaintiffs brought suit to foreclose a chattel mortgage given by the defendants to the plaintiffs to secure the payment of thirteen promissory notes of one hundred dollars each, the purchase price of a motor truck sold by the plaintiffs to the defendants. The defendants, in their answer, set up a breach of a warranty of the truck made by the plaintiffs, and in a cross-complaint demanded cancellation of the notes and mortgage, and damages alleged to have been sustained by them by reason of the breach.

The decision of the case in the trial court turned on the point as to whether or not the plaintiffs had expressly warranted the carrying capacity of the motor truck, and that court found in favor of the defendants upon this question. While there is much force in the argument made by the plaintiffs, still as there is substantial evidence in the record supporting the findings attacked, it follows, under the familiar rule in the decision of appeals, that the judgment will not be disturbed because a contrary conclusion could have been drawn from the evidence.

It appears by the testimony introduced by the defendants that defendant R. E. Lewis, in the month of August, 1915, desiring to engage in the motor truck business, called at the salesroom of the plaintiffs in San Francisco, and informed their representative that he was in the market for a three-ton truck; that the plaintiffs represented to him expressly and repeatedly that the truck for which the notes in suit were given in payment would carry that weight, and that a trailer might be attached thereto upon which another load of a couple of tons could be carried; that the truck was or would be put in good condition before delivery; that upon these assurances, and these assurances alone, the defendant, R. E. Lewis, on September 2, 1915, purchased the truck, giving in payment therefor his notes secured by chattel mortgage, the notes and the mortgage being executed by him and his codefendant, M. E. Lewis. There is an abundance of evidence in the record that the truck would not carry three tons; that it was almost continuously out of repair, and was practically useless to the purchaser. On October 19, 1915, Lewis, after many complaints to the plaintiffs, and after giving them many opportunities to effectually repair the truck, and being finally satisfied that the truck could not carry three tons, offered to return it, and demanded the surrender of the notes and the cancellation of the mortgage. This was refused, whereupon the present action followed.

Any distinct assertion or affirmation as to the quality or character of the thing sold, made by the seller during the negotiations for the sale, which it may be reasonably supposed was intended to induce the purchase and was relied upon, will be treated as a warranty. In *Luitweiler Pump Co.* v. *Ukiah Water Co.*, 16 Cal. App. 198, the court, at page 206, [116 Pac. 707, 710], said: "This rule, indeed, seems to be

well settled, that any distinct assertion or affirmation as to the quality or character of the thing to be sold, made by the seller during the negotiations for the sale, and which it may reasonably be supposed was intended to induce the purchase, and was relied upon by the purchaser, will be regarded as a warranty, unless accompanied by an express statement that it is not intended as such (30 Am. & Eng. Ency. of Law, p. 136), and it seems that the general tendency of the later authorities is to construe liberally in favor of the buyer language used by the seller in making affirmations respecting the quality of his goods, and to treat such affirmations as warranties when such an inference is at all reasonable.''

In *Pepper* v. *Vedova,* 26 Cal. App. 406, [147 Pac. 105], the court held that if the false representations as to the quality of the property go to the essence of its value and render it useless, and hence valueless, to its purchaser, it necessarily follows that the warranty was an essential condition of the sale, and, upon discovery of the breach, the purchaser has the right to rescind, and in such a case, whether the defendant knew or did not know the representations to be false, or did not intend to commit a fraud in making them, is immaterial.

It is true that the purchaser in the case at bar was more or less familiar with automobiles, having driven such vehicles for three or four years; that before purchasing this truck he inspected it and helped to make some of the repairs thereto; that he was present at a thirteen-minute demonstration of the car, when it was operated without a load, but he was afforded no opportunity to learn the carrying capacity of the truck, as to which phase of the transaction he relied on the explicit representation of the plaintiffs, without which, he testified, he would not have purchased the truck.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Zook J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1918.