[Civ. No. 2798. Second Appellate District, Division One.—April 16, 1919.]

JAMES P. HOGAN, Appellant, v. EARLE C. ANTHONY, etc., et al., Respondents.

[1] CONTRACTS—SALE OF TRUCK—FAILURE OF SELLERS TO PERFORM—RESCISSION BY CONSENT.—Where the sellers, without performance of their promise to furnish the buyer with a truck of a given capacity, in the absence of which no duty is imposed upon the buyer to pay the note given as payment, demand the return of the truck and the buyer complies therewith, a rescission by consent is implied from such acts.

[2] ID.—RESCISSION BY BUYER—COMPLIANCE WITH CODE.—The refusal of the buyer to pay the note given in payment of the truck on account of the fraud of the sellers, and the returning of the truck upon the discovery of the fraud, is all that he is required to do by section 1691 of the Civil Code to accomplish a rescission.

[3] ID.—CONDITIONAL SALE—LEASE—TRUE CHARACTER OF AGREEMENT—FORM IMMATERIAL.—While the law applicable is the same whether the agreement between the sellers and the buyer of a truck constitutes a conditional sale or a lease thereof, the sellers cannot, by designating the contract a lease, take from it its true character as a contract for the conditional sale of the truck where the parties clearly contemplate a sale by the one and a purchase by the other.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

Ralph E. Swing for Appellant.

A. D. Laughlin and Paul Nourse for Respondents.

SHAW, J.—Plaintiff, upon the judgment-roll alone, appeals from a judgment entered in favor of defendant.

As appears from the second amended complaint, filed after the decision of this court in a former appeal had by defendant wherein the judgment in favor of plaintiff was reversed (*Hogan* v. *Anthony,* 34 Cal. App. 24, [166 Pac. 861]), the parties, on August 13, 1914, executed a contract, the designa-

tion of which is "Lease and Conditional Sale of Automobile" (the subject thereof being an auto truck), upon which plaintiff at the time paid five hundred dollars in cash, and for the balance of the purchase price or rental of $1,150 he executed his promissory notes, one of which was for the sum of one hundred dollars and by its terms due and payable on September 13, 1914. The writing contained a provision to the effect that the instrument should be construed as a lease with an option on the part of the plaintiff to acquire title to the truck for the sum of one dollar, subject to compliance with his covenants therein contained and payment of the notes, according to the terms and conditions thereof.

The complaint embraces two counts, in one of which plaintiff alleges facts which, if true, he insists show a rescission of the contract, under and by virtue of which he is entitled to recover judgment for the five hundred dollars paid. The other is a common count for money had and received by defendant for the use and benefit of plaintiff.

On the former appeal the judgment was reversed, for the reason that, as shown by the complaint upon which the case was tried, the subject of the action was not the contract, designated "Lease and Conditional Sale of Automobile," under and in accordance with which possession of the truck was by defendant delivered to plaintiff, but a preliminary agreement in the course of the transaction, made the preceding day, and as to which the court, in distinguishing such preliminary and informal contract which contemplated the execution of the lease and conditional sale agreement here involved, says: "The facts . . . disclose a situation, during the period between the execution of the contract and the execution of the lease, in which the parties were engaged in closing a single transaction. Of this transaction, the lease was the conclusion and the culmination, and by it must the rights of the parties be judged. The respondent does not claim to have rescinded the lease. He denies its existence and expressly relies upon an alleged rescission of the contract, a paper merely preliminary to the lease and which was abrogated by it." (See *Hogan* v. *Anthony, supra.*) It thus appears that on the former appeal the court had before it a case the subject of which was the rescission of a different instrument from the one here involved.

On this appeal, in the absence of the evidence, the sole question presented is whether or not the findings, deemed to

be fully established, support the judgment. The court found that on the twelfth day of August, 1914, defendant agreed to sell and plaintiff agreed to buy the truck in question for the sum of $1,650, at which time plaintiff paid the sum of five hundred dollars to be applied upon the purchase price of the vehicle, and agreed to pay the balance thereof in eleven monthly installments of one hundred dollars each, and one, the last, of $50, all of which should be evidenced by promissory notes due and payable in accordance with the agreement; that on the next day, August 13th, plaintiff and defendant executed the contract, designated "Lease and Conditional Sale of Automobile," to which we have hereinbefore referred, and plaintiff made and executed the promissory notes in accordance with his agreement made the day before; whereupon the truck was delivered to plaintiff, who continued in possession thereof until September 18, 1914; that "at the time of entering into said contract . . . plaintiff had no knowledge regarding such trucks and so informed defendants and told defendants that he would have to rely entirely upon their representations . . . and . . . informed defendants the nature of his business and for what purpose he desired to use the said truck, and that he needed a truck . . . with a capacity of and capable of carrying and conveying from one to one and one-quarter tons of freight; . . . that he must have a truck that would haul and carry not less than from one to one and one-quarter tons, and that he could not use a truck of a less carrying capacity; that said defendants then and there represented to plaintiff that the truck so leased by plaintiff, as aforesaid, was a ton truck and that the same . . . had a hauling capacity sufficient for plaintiff's business . . . and that said truck would easily carry and haul one and one-quarter tons of freight. . . . That plaintiff relied upon each and all of said representations so made by defendants and believed them to be true and believed that the truck which said defendants were then offering to sell to him was a truck with a hauling capacity of not less than one and one-quarter tons; . . . that if it had not been for said representations so made by defendants, plaintiff would not have entered into said agreement and that it was by reason of said representations so made by defendants to plaintiff that plaintiff did enter into said agreement as hereinbefore found, and paid to defendants the said sum of five hundred dollars. That each

and all of the representations so made by defendants to plaintiff with reference to said truck and its carrying capacity, as aforesaid, were and are false and fraudulent, and the said truck so leased by said defendants to plaintiff, as hereinbefore set out, was in truth and in fact a one thousand five hundred pound truck . . . and did not have a carrying capacity of one ton or of one and one-quarter tons. That said defendants knew that said representations so made by them, as aforesaid, were false and fraudulent at the time they were made and said representations were so made by said defendants for the purpose of deceiving and defrauding said plaintiff, and for the purpose of causing him to enter into said contract, as hereinbefore found, and to pay to defendants the sum of five hundred dollars and to cause plaintiff to agree to pay the balance thereof in monthly payments. . . . Possession of said truck was delivered to said plaintiff on the thirteenth day of August, 1914, and thereafter plaintiff attempted to use the same in his business, but said truck could not be used successfully in his said business; . . . when plaintiff first began to use said truck he attempted to haul thereon about one ton of freight; when so doing said truck would heat up to such an extent that it could not be successfully used; plaintiff thereupon complained to defendant regarding such condition and defendant assured plaintiff that such condition was caused solely by the fact that said truck was new; plaintiff relied upon such statement of defendant that such heat was being caused by the fact that said truck was new, and continued to use the same; but said truck continued to heat and could not be successfully used by plaintiff in his said business; that plaintiff did not discover the fact that said truck was not a ton truck and was only a truck of one thousand five hundred pounds capacity until on or about the 26th of August; that immediately after discovering said fact plaintiff notified said defendant that said truck was not a ton truck and was not of a capacity which defendant had represented it to be; that plaintiff refused to make any further payments upon said contract solely by reason of such facts.

"That on the 18th of September, 1914, defendant . . . at the city of Upland demanded payment of the note then due; that plaintiff then refused to pay said note and also refused to make any further payments pursuant to said agreement unless defendant furnished plaintiff with a ton truck; that

on the said eighteenth day of September, 1914, plaintiff, at
the request of defendant, returned said truck to defendant
and said truck has been in the possession of defendant ever
since; that plaintiff returned said truck to defendant because
of the fact that the same was not as it had been represented
to be and because of the fact that it could not be successfully
used by plaintiff in his said business; that defendant never
. . . furnished plaintiff with a truck of a ton capacity or of
any other capacity"; and on demand made by plaintiff, prior
to the commencement of this action, for a return of said five
hundred dollars, refused to repay the same; that defendants
did not at any time receive for the use and benefit of plaintiff
the sum of five hundred dollars or any sum whatsoever; that no
part of the one hundred dollar note which matured on Sep-
tember 13th, and for which defendants by answer sought to
recover, had been paid."

Upon the foregoing facts the court concluded, as a matter
of law, that plaintiff was entitled to nothing and that defend-
ant Earle C. Anthony was entitled to recover upon the one
hundred dollar note, and gave judgment accordingly.

The facts are quite similar to those involved in *Pepper* v.
*Vedova*, 26 Cal. App. 406, [147 Pac. 105], and *Hackett* v.
*Lewis*, 36 Cal. App. 687, [173 Pac. 111], in both of which
cases plaintiffs recovered money the payment of which was in-
duced by like deceit. Indeed, the findings quoted show that
as a means of wrongfully obtaining plaintiff's money, defend-
ants knowingly perpetrated the grossest fraud, and to uphold
the judgment entered thereon would render the language of
the legislature that "for every wrong there is a remedy"
(Civ. Code, sec. 3523), and "no one can take advantage of
his own wrong" (Civ. Code, sec. 3517), idle and meaningless
declarations.

The acts of the parties had and taken, as shown by the
findings herein, present a different case from that involved on
the former appeal. That, as shown by the findings, plaintiff
was entitled to rescind the contract of sale, admits of no con-
troversy. Were the acts had and taken by the parties suffi-
cient to constitute a rescission? The promised payment of
the note as to which default was made was predicated upon
the precedent promise of the defendants to furnish him with
a truck of a ton or a ton and a quarter capacity. Defendants
neglected and refused to comply with their promise, thus dis-

pensing with any obligation of performance on plaintiff's part
to pay the note. (*Mansfield* v. *New York C. & H. R. R. Co.*,
102 N. Y. 205, [6 N. E. 386].) When for nonperformance
defendants requested that plaintiff return the truck, he com-
plied therewith, not because he was under obligation to do
so, since he might have affirmed the contract and sued for
damages, but, as found by the court, *"because of the fact that
the same was not as it had been represented to be."* A re-
scission may be accomplished by consent. (Civ. Code, sec.
1689.) **[1]** When defendants, without performance of their
promise, in the absence of which no duty was imposed upon
plaintiff to pay the note, demanded the return of the truck
and plaintiff complied therewith, a rescission by consent was
implied from such acts. **[2]** Assuming, however, that de-
fendants did not consent to the rescission, nevertheless the act
of plaintiff in refusing to pay the note on account of the fraud
and returning the truck was all that he was required to do by
section 1691 of the Civil Code, to accomplish a rescission.
That section provides that in order to effect a rescission other
than by consent, the party rescinding must, (1) upon dis-
covery of the facts which entitle him to rescind, act promptly,
with which provision plaintiff complied. "(2) He must re-
store to the other party everything of value which he has
received from him under the contract." With this provision,
waiving his right to exact restoration of the money paid as a
condition of delivering the truck, he also complied, the result
of which is that defendants have the truck and the five hun-
dred dollars so wrongfully obtained from him.

**[3]** Respondent argues that the instrument was merely
a lease for a stipulated monthly rental for the use of the truck,
and that for default in the payment of such installments of
rent they were entitled to and did retake the truck into their
possession. Even were the instrument conceded to be a lease,
the law applicable to the case is the same.

By the contract the parties clearly contemplated a sale by
the one and a purchase by the other. Respondent cannot, by
designating the contract a lease, take from it its true character
as a contract for the conditional sale of the truck, which it was
in fact. "However broad may be the terms of a contract, it
extends only to those things concerning which it appears that
the parties intended to contract." (Civ. Code, sec. 1648.)

The judgment is reversed, and upon going down of the *remittitur* the trial court is instructed to enter a judgment upon the findings in favor of plaintiff for five hundred dollars, together with interest thereon from August 12, 1914, and costs.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 13, 1919.