WILLIAMS, Appellant, v. RICE, Respondent.

(226 N. W. 269.)

(File No. 6531.  Opinion filed June 27, 1929.)

*Ira F. Blewitt,* of Madison, for Appellant.
*Baldwin & Lyons,* of Howard, for Respondent.

BROWN, J. In this action on a promissory note for $1,300, verdict and judgment were for defendant, and from the judgment and an order denying a new trial, plaintiff appeals.

The note was given as part of the purchase price of an automobile sold by plaintiff to defendant on June 17, 1922, an old car owned by defendant being turned in for the balance of the purchase price. Evidence on behalf of defendant tended to prove that plaintiff said the car he was selling him was a 1921 model, which he had carried over from the previous year; that he guaranteed the car was all right; that he did not care how much you drove it, he would guarantee it would not heat; that it was a good car, and defendant would make no mistake in buying it; that defendant could take it and try it, and if not satisfied with it could return it. Plaintiff says he told defendant it was one that he had carried over, but did not state what model it was, and he says there is no difference between the 1920 and 1921 models. He admits that he had

the ·car from March 16, 1920, but did not tell that to defendant; says he did not guarantee the car would not heat. There was no talk about heating, and no occasion for any, as it had never heated up to that time.

Defendant and his wife, who both had driven cars for years before getting this one, said that they did try it, and had one trouble after another all the time that they kept it. They testified to various parts that got out of order, and the car had to be taken to the garage to be repaired, and further testified that all the time they had it the engine heated, so that they could go only a short distance without having to replenish the water in the radiator, on one occasion having to walk about three-quarters of a mile to get water to replenish the ·radiator; that at times it heated so that it stopped or would not pull.

In making the deal plaintiff was accompanied by Jeff Freet, a garage man and auto mechanic at Winfred. Freet called defendant up at noon, and asked if he should bring up the car to show him, and defendant replied that he might, whereupon Freet and Williams came together to defendant's farm, where, after some negotiation, the deal was consummated, and the old car was taken at a valuation of $250 by plaintiff.

It is conceded that defendant spoke to Williams on the 27th or 28th of June about different defects in the car, but did not then mention the heating of the engine to him. At this time· defendant wanted plaintiff to take back the car and give him a new one, and he would pay $100 difference. Plaintiff said he could not do this, and no further interview appears to have taken place between plaintiff and defendant until in September, when the oil pump gave out. About this time Mrs. Rice told plaintiff that "the car heats awfully," and defendant and his wife again tried to get plaintiff to take the car back, offering to return it and give $200 difference for a new one, which was again declined by plaintiff. The expense of the various items of repairs was assumed by plaintiff.

About the 30th of October defendant for the first time discovered that the car was a 1920 and not a 1921 model, and thereupon he at once returned it to Freet at his garage in Winfred, and Freet promptly notified plaintiff of its return. Plaintiff refused to accept the car, and it remained in Freet's garage up to the time of the trial.

■ ■ The only question involved is the right of defendant to return the car and rescind the sale. The court left it to the jury to say, from all the evidence in the case, whether the attempted rescission was made within a reasonable time, and plaintiff contends that this was error; that the court should have held as a matter of law that it was not within a reasonable time, and should have sustained a motion for a directed verdict, made by plaintiff on that ground at the close of all the evidence. Plaintiff's argument is that on defendant's own testimony he knew of the heating of the engine, and several other defects that he sets up in defense, at least as early as June 28; that he nevertheless continued to use the car for nearly three months thereafter, without making any further complaint to plaintiff, and that it should be held as a matter of law that this delay was fatal to the right of rescission; that, even if plaintiff, when spoken to by defendant on June 28th, told defendant to keep the car and try it, and he would make it all right, yet since it is undisputed that defendant did not complain to plaintiff again about the car until September 24th, defendant must as a matter of law be held to have lost the right to rescind by reason of laches. We do not think it necessary to pass upon that point.

It is undisputed that defendant did not discover that the car was a 1920 model, instead of a 1921, until just before he returned it on October 30th. If he had a right to rescind on that ground, there can be no claim that the rescission on that ground was dilatory. The affirmation by a seller of a secondhand car that it is a 1921 model is a warranty, for the breach of which the buyer is entitled to rescind on discovering that it is a 1920 model, although there is no material difference between the two models. Foutty v. Chalmax Sales Co., 99 W. Va. 300, 128 S. E. 389; Stringfellow v. Botterill Auto Co., 63 Utah, 56, 221 P. 861, 34 A. L. R. 533; Morris v. Fiat Motor Sales Co., 32 Cal. App. 315, 162 P. 663. Any affirmation of fact by the seller, relating to the goods, is an express warranty if the natural tendency of such affirmation is to induce the buyer to purchase the goods, and if the buyer purchases relying thereon. Uniform Sales Act (Laws 1921, c. 355) § 12. The affirmation that a car was of a model a year later than it actually was would have a natural tendency to induce the buyer to purchase, and the testimony of the defendant that he supposed he was buying

a new car is evidence tending to prove that he purchased relying on that assumption. It is thus apparent that the court did not err in denying the motion for a directed verdict on the ground that defendant was estopped by laches from rescinding.

But it is further contended by plaintiff that a return of the car to Freet was not authorized; that, conceding defendant had a right to rescind, he could only do so by returning the car to plaintiff himself, in · substantially the same condition in which he had received it. It was returned to Freet, the person by whom and to the place from which it was brought to defendant's farm. Freet at once took it to plaintiff, and told him defendant had returned it, and asked him (Freet) to take it to plaintiff. The contention that it was not returned to plaintiff personally cannot be sustained. There is no proof that the car, when returned, was not in substantially as good condition as when it was sold to defendant. The only evidence on the point is that of Freet, who testified that "the right front tire is worn more than it should be. Aside from the wear it has on the tires, it seems to be in about the same condition now as when Mr. Rice got it." The extra wear on the right front tire is accounted for by the fact that the front wheels were somewhat out of alignment, which was a breech of the warranty that the car was all right, and a breach that defendant is not shown to have had knowledge of prior to the time he returned the car. Deterioration due to a breach of warranty does not prevent rescission. Uniform Sales Act, § 69.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur. CAMPBELL, J., concurs in the result.