## SUMMERS v. PROVO FOUNDRY & MACHINE CO.

No. 3246.    Decided Jan. 30, 1919.    (178 Pac. 916.)

1. SALES—"EXPRESS WARRANTY"—STATEMENT OF SALES AGENT. Statement by defendant's sales agent that Hudson Super-Six automobile would do whatever any other Hudson Super-Six would do amounted to an express warranty, within Comp. Laws 1917, section 5121, and not merely "seller's talk," or an expression of opinion. (Page 323.)

2. SALES—RESCISSION. Comp. Laws 1917, sections 5121, 5178, subd. 3, as to warranty and requisite for invoking remedy of rescission of sale, does not change action for rescission from an equitable to a law action. (Page 323.)

3. APPEAL AND ERROR—TRIAL—PERMITTING DEMONSTRATION—DISCRETION OF COURT. In action to rescind contract of sale of automobile, refusal to permit court and jury to take a ride in the automobile as proposed by defendant was within the sound legal discretion of the trial court, and not reviewable in absence of abuse. (Page 324.)

4. SALES—RESCISSION—DETERIORATION NOT DUE TO BREACH OF WARRANTY. Neither deterioration in automobile nor tires because of use can be ascribed to breach of warranty that automobile would do what any other car of the same make would, and tender of automobile after said deterioration would not be a tender of goods in substantially as good condition as they were received, a condition precedent to rescission under Comp. Laws 1917, section 5178, subd. 3. (Page 324.)

5. SALES—RESCISSION—CONDITION PRECEDENT. Under Comp. Laws 1917, section 5178, subd. 3, the return of the property in substantially the same condition in which it was received is a condition precedent to rescission, unless the changed condition is the result of a breach of warranty. (Page 325.)

6. SALES—RESCISSION—DEFENSE. Under Comp. Laws 1917, section 5178, subd. 3, a substantial change of condition, not due to a breach

of warranty, is a complete, and not a pro tanto, defense to an action by the purchaser for rescission of contract and recovery of purchase price. (Page 325.)

Appeal from the District Court of Utah County, Fourth District; *Hon. H. N. Hayes,* Judge.

Action by G. F. Summers against the Provo Foundry & Machine Company and another. Before the submission of the case, the action was dismissed as to the unnamed defendant.

Verdict against defendant named, and it appeals.

REVERSED, and cause remanded for new trial.

*Evans, Folland & Evans* for appellant.

*Chase Hatch* for respondent.

WEBER, J.

Plaintiff's complaint in substance is that on July 1, 1917, the defendant, a corporation, sold him a new Hudson Super-Six automobile, plaintiff paying therefor in cash $100, and that defendant accepted a Mitchell car in part payment at the agreed value of $1,100, plaintiff giving his promissory note for the balance of $575, on which he later paid $200; that at the time of purchase defendant warranted the car bought by plaintiff to be in good, first-class condition, free from all defects in material and workmanship, and that it would do all reasonable service usually done and performed by like new Hudson Super-Six automobiles, and that it was up to the standard in all respects as claimed for Hudson Super-Six cars in advertisements; that these warranties were made by defendant to induce plaintiff to purchase the automobile, and that plaintiff relied upon the same; that the car never was in a good, sufficient, and workable condition; that the carburetor was never in proper condition and adjustment; that the feed and oil pump had never since the sale to plaintiff

been in a workable condition; that all the cylinders would never explode when the car was being operated except for short intervals, thereby causing the car to lose power and to overheat when going upgrade, and that the failure of the cylinders to explode injured different parts of the engine; that within a few days after his purchase plaintiff discovered that the car was not running smoothly, and at times hardly running at all, and that at such times he notified defendant that the car was not as warranted, and requested defendant to repair the same, and that defendant repeatedly took the car for the purpose of repairing the same, but failed to remedy the defects, and that after each attempt at repairing part of the cylinders would fail to·explode and loss of power would recur after the car had been run a short distance; that on November 7, 1917, the car was placed in the custody of the Telluride Motor Company at Provo, which company delivered to defendant an order therefor with a statement by its manager that the car was held subject to defendant's order, and that all storage had been paid till November 8, 1917, at noon, and that plaintiff then demanded of defendant that it accept said car and pay to plaintiff the purchase price. The complaint prayed for judgment for $1,400, with interest; for rescission of the contract and return of the note given.

The answer admits the corporate capacity of defendant Provo Foundry & Machine Company; admits the sale of the automobile by defendant to plaintiff, and that it was stored on November 7, 1917, and offered to defendant as alleged in the complaint; denies all other averments of the complaint, and alleges that if the automobile sold plaintiff did not work and run properly in all of its parts as well as other Hudson Super-Six automobiles it was due solely to the ignorance, carelessness, and negligence of plaintiff in his care and operation of the car.

The cause was tried before a jury who returned a verdict against the corporation defendant Provo Foundry & Machine Company, in accordance with the prayer of the complaint.

Before submission to the jury the cause of action was dismissed as to defendant Pierpont. The Provo Foundry & Machine Company is the appellant.

While the warranties are denied in the answer, the evidence is undisputed that before the trade was consummated plaintiff asked defendant's salesman what guarantee would be given on the Hudson car, and plaintiff was told that "it is a good car; the company is behind it, and it is guaranteed against all defects in workmanship and material"; that at the time the car was shown plaintiff he was informed by defendant's sales agent that it would do anything that any other Hudson Super-Six would do, and that it was the same type of car that had made the Pike's Peak climb which had been extensively advertised. The car referred to was pointed out and after more talk of the same kind the trade was made. There was a warranty as to the car being free from defects as to material and workmanship, but we regard the statement that the car would do whatever any other Super-Six would do as also amounting to an express warranty, and not mere "seller's talk," or an expression of opinion. The statements made come within the following definition of warranty as given in Comp. Laws Utah 1917, section 5121:

"Any affirmation of fact and any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be considered as a warranty."

The statute (Comp. Laws Utah 1917, sections 5121, 5178, subd. 3) does not change an action for rescission from an equitable to a law action. It defines what a warranty is and what is requisite for invoking the remedy of rescission.

As the judgment must be reversed because the undisputed evidence does not entitle plaintiff to a rescission of the contract, and as he must wholly fail unless he resorts to his action for damages for breach of warranty, we refrain from discussing the testimony tending to establish a breach of warranty, and express no opinion as to the sufficiency of the evidence relating to that subject.

It was proposed by defendant that court and jury take a ride in the car. The court refused to permit the proposed demonstration. This being within the sound legal discretion of the court, and the record not disclosing any abuse of discretion, the assignment of error as to that ruling is without merit.

Defendant also insists that the car was not tendered to it in substantially the same condition in which it was received.

The testimony of the plaintiff shows that he drove the car about 3,750 miles; that the tires on the car were guaranteed for 3,500 miles by the manufacturer; and that the use of the tires was at least three-fourths of their life. The extent of the depreciation of the car was not shown; defendant's offer to prove the loss in value not being permitted by the court.

Comp. Laws Utah 1917, section 5178, subd. 3, provides:

"Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. But if deterioration or injury of the goods is due to the breach of the warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale."

Neither the deterioration in value of the car because of use, nor the deterioration of the tires by such use, can be ascribed to any defect that constituted a breach of warranty. The car was therefore not in substantially the same condition as when it was received by the buyer, and as the uncontradicted testimony shows that the changed condition was not the result of any defect complained of, the request for a peremptory instruction in favor of the defendant to the effect that plaintiff must fail on the question of rescission should have been granted by the court.

Before the purchaser can rescind the contract and recover back the amount of his purchase money for breach of war-

ranty he must first return the property as sold or do everything in his power requisite to complete restora- 5, 6 tion of the property of the vendor. *Milliken* v. *Skillings,* 89 Me. 180, 36 Atl. 77. To hold otherwise would be to deprive defendant of property without compensation and without due process of law. The return of property in substantially the same condition in which it was received is a condition prece- dent to rescission, unless the changed condition be the result of a breach of warranty. A substantial change of condition not due to a breach of warranty is a complete, and not a pro tanto, defense to an action by the purchaser for a rescission of the contract and recovery of the purchase price.

The judgment is reversed and the cause is remanded for a new trial, and the district court is directed to permit the parties to amend their pleadings, if they so desire, and pro- ceed with the action for damages for breach of warranty. Appellant to recover costs.

CORFMAN, C. J., and FRICK, THURMAN, and GID-EON, JJ., concur.