## STRINGFELLOW v. BOTTERILL AUTO CO.

No. 4017.   Decided December 17, 1923.   (221 Pac. 861.)

1.  SALES—CONTRACT AND BILL OF SALE HELD CONCLUSIVE EVIDENCE AS TO CAR PARTIES CONTEMPLATED. Contract and the bill of sale of an automobile, describing it as a 1922 model, *held* conclusive evidence that the car to be sold to buyer was a 1922 model.

Appeal from Third District

2. SALES—BUYER WAS ENTITLED TO PRECISE CAR CONTRACT CALLED FOR. Where a contract of sale of a car called for a 1922 model, the buyer was entitled to the car he contracted to buy, and not a 1921 model.

3. SALES—BUYER SUSTAINED AT LEAST NOMINAL DAMAGES UPON SELLER'S DELIVERY OF CAR OF EARLIER MODEL THAN CONTRACT CALLED FOR. If plaintiff buyer's contract called for a 1922 car but a 1921 model was delivered, plaintiff sustained at least nominal damages, where the trading value of a 1922 car was greater than a 1921 model, although otherwise the 1921 model may have been substantially the same as a 1922 model.

4. SALES—SELLER'S REPRESENTATION CAR WAS OF CERTAIN MODEL HELD EXPRESS WARRANTY. Where seller represented in writing that the car to be sold to plaintiff buyer was a 1922 model E. car, he warranted the car to be that very thing; such an agreement being an express warranty under Comp. Laws 1917, § 5121, whether or not the seller was guilty of intentional deceit.

5. APPEAL AND ERROR—FINDINGS OF FACT OF LOWER COURT NOT BINDING IF AGAINST ALL THE EVIDENCE. A finding of the trial court that a buyer sustained no damages through the seller's alleged breach of contract is not binding on appeal, if opposed to all the evidence.

CHERRY, J., dissenting.

Appeal from District Court, Third District, Salt Lake County; *A. R. Barnes*, Judge.

Action by J. W. Stringfellow against the Botterill Auto Company. Judgment for defendant, and plaintiff appeals.

REVERSED and REMANDED for new trial.

*Ray Van Cott*, of Salt Lake City, for appellant.

*Gustin & Pence*, of Salt Lake City, for respondent.

WEBER, C. J:

On February 1, 1922, plaintiff purchased a five-passenger Essex touring car of defendant for $1,375, and entered into

a written contract of purchase with defendant in which the car was described as a 1922 model. At the same time a bill of sale was delivered to plaintiff, also describing the car as a 1922 model. Plaintiff paid part cash, and continued paying the installments as they became due, until the following July; the last payment being made under protest, he having ascertained that the car was a 1921 and not a 1922 model. Plaintiff thereupon brought suit in the district court for $160 damages.

In its answer, the defendant denied that it had sold or contracted to sell to plaintiff a 1922 model car, and also pleaded a counterclaim for the balance due on the contract. The issues were tried by the court without a jury. All issues were found against plaintiff, and defendant was given judgment for the amount unpaid on the purchase price, with attorney's fees and costs. Plaintiff appeals.

The question is: What kind of a car did plaintiff agree to buy, and what kind of a car did defendant agree to sell?

Both in the contract and in the bill of sale the car is described as a 1922 model. The evidence is conclusive. The contract called for a 1922 model, and plaintiff was entitled to the precise thing which he contracted to buy, not a 1921 model, which the evidence shows was sold and delivered to him by the defendant. It will not do for the dealer to say that a 1921 model is substantially the same as that of 1922. The evidence is that the "trading value of a 1922 model is greater than that of a car of the 1921 style or model." It is true, a later model may be no better than one a year or years older. So a woman may intend to buy a gown this winter, represented to be of the style of the spring of 1924. If the dealer sells her a gown of the 1923 or 1922 style or model, it may look as well, it may wear as well, it may be intrinsically worth as much; but nevertheless she contracted for a 1924 style and is therefore entitled to it, and if sold a gown of some previous year's style she sustains nominal damages at least. This observation will apply to automobiles as well as to a woman's gown. When the dealer in writing said, "This is a 1922 model Essex car," he warranted the car to be that very thing. It was

an express warranty under the statute (Comp. Laws 1917,
§ 5121), regardless of whether defendant was or was not
guilty of intentional deceit.

The trial court also found that plaintiff sustained no dam-
ages. As to the amount of damages, the evidence was con-
flicting, and if some damage, though only nominal, had been
awarded plaintiff by the trial court, it would not be within
our power to interfere. However, as some damage was
unquestionably shown, the court's finding on that issue
had no evidence whatever to support it and was against
all the evidence.

The judgment is reversed and the cause remanded for a
new trial; appellant to recover costs on appeal.

GIDEON, THURMAN, and FRICK, JJ., concur.

CHERRY, J., dissents.