MYER DENENBERG & another *vs.* JOSEPH B. JURAD.

Suffolk.    February 10, 1938. — June 14, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Sale,* Rescission, Conditional.

A buyer who, under a contract of conditional sale specifying a truck of the year 1933, accepted delivery of a truck of the year 1932, was not entitled under G. L. (Ter. Ed.) c. 106, § 58 (3), to rescind the contract and recover a part of the purchase price paid if, after using the truck for four months, he returned it to the seller in a damaged condition which was not shown to have resulted from the fact that it was a 1932 rather than a 1933 truck.

CONTRACT. Writ in the District Court of Chelsea dated February 19, 1936.

There was a trial before *Walsworth,* J. He denied, among

others, a request for the following ruling: "If the court finds a breach of warranty on the part of the defendant, nevertheless, the plaintiffs may not recover therefor, because . . . they failed to offer to return the goods in the condition required . . . ."

The judge found for the plaintiffs in the sum of $224.43. In a report to the Appellate Division for the Northern District, he stated: "The basis of the findings and rulings may be summarized as follows: — That the terms were in the December order and the January contract both to be considered as one transaction for a 1933 truck. That it was a 1932 truck and not conform to terms of purchase, a fact which was reported to the defendant as soon as discovered, seasonably, and an offer made to return the truck. The original and the first and second payments are ordered returned; the defendant has the truck, but no value can be placed on the old truck turned in."

The report was ordered dismissed. The defendant appealed. In this court the case was submitted on briefs.

*F. V. Terry*, for the defendant.

*J. J. Tutun*, for the plaintiffs.

LUMMUS, J.   On December 28, 1932, the plaintiffs signed a written agreement to buy a truck, model G 31, from the defendant, a dealer, for $938.57.   One provision was as follows: "It is agreed that said car has not been represented to me as a model of any particular year, it being clear to me that the cars are sold by model and not by calendar year of manufacture."   Another provision was: "If this car is to be delivered on your deferred payment plan, I am to execute your standard form of contract of conditional sale before delivery."

On January 11, 1933, the contract of conditional sale was signed.   In it the truck was described as a new car of the year 1933, but not as model G 31.   The contract provided: "This agreement constitutes the entire contract . . . and said car is accepted without any express or implied warranties unless written hereon at the date of purchase."   The plaintiffs turned in to the defendant a car for which they were allowed $200, and paid $125.43 in cash

at the time of delivery. Later they paid instalments amounting to $123, making their total credits $448.43.

After four months of use, the truck broke down. The plaintiffs contended that it was a 1932 truck, and not one of 1933. They returned it, demanded the $448.43 back, and refused to pay even for the materials or parts needed for repairs. The defendant refused to rescind the sale. The truck was left on the defendant's premises. The finance company which had discounted the note given by the plaintiffs and to which the interest of the defendant under the contract of conditional sale had been assigned, not receiving further payments from the plaintiffs, seized the truck, and charged back the unpaid balance to the defendant who paid it. See *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221; *A & H Finance Corp.* v. *Goldman*, 293 Mass. 113. The defendant then repaired the truck and sold it at a net loss of $392.25.

The present action is brought to recover the payments of $448.43, on the theory that the plaintiffs effectively rescinded the purchase. *Gottman* v. *Jeffrey–Nichols Co.* 268 Mass. 10. The defendant filed a declaration in set-off for $392.25. The judge found for the plaintiffs for $224.43. How he arrived at that amount is not clear. Apparently he found for the plaintiffs on the defendant's declaration in set-off, although the record does not so state. The Appellate Division dismissed a report, and the defendant appealed.

The written contract of January 11, 1933, contained a description amounting to a warranty that the truck was of the year 1933. G. L. (Ter. Ed.) c. 106, § 14; see also § 16. *Procter* v. *Atlantic Fish Companies, Ltd.* 208 Mass. 351, 354. *Schmoll Fils & Co. Inc.* v. *S. L. Agoos Tanning Co.* 256 Mass. 195, 201. Williston, Contracts (Rev. Ed.) §§ 969, 970, 1007–1009. That contract by its terms was controlling, to the exclusion of the agreement of December 28, 1932. Any opinion of the judge to the contrary cannot bind this court but can be corrected here. *Rathgeber* v. *Kelley*, 299 Mass. 444, 446. The report states that it "contains all the evidence material to the questions re-

ported." The question whether the evidence warranted the finding that the truck was not of the year 1933 was not reported, and therefore the absence of evidence in the report on that question is not significant. It must be assumed that there was evidence warranting the finding.

The statement in the contract of January 11, 1933, that the plaintiffs acknowledge "delivery and acceptance of" the truck "in its present condition, after thorough examination," did not absolve the defendant from responsibility upon his warranty.

If there is a breach of warranty by the seller, the buyer may, at his election, rescind the sale and return the goods if he has received them, "and recover the price or any part thereof which has been paid." G. L. (Ter. Ed.) c. 106, § 58 (1) (d). But he cannot so rescind "if he fails to return or to offer to return [*Barry* v. *Cronin,* 272 Mass. 477, 481] the goods to the seller in substantially as good condition as they were in at the time when the property passed," unless the "deterioration or injury of the goods is due to the breach of warranty." G. L. (Ter. Ed.) c. 106, § 58 (3). *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 327. In the present case the breaking down of the truck could hardly have been due to the fact that it was a truck of 1932 rather than of 1933. At least, there is no evidence that the year of manufacture had consequences so disastrous. Rescission is only one of the remedies of the buyer for breach of warranty, and is available only upon the statutory conditions. Obviously a broken-down truck needing substantial repairs was not in "substantially as good condition" as it was when sold as a new truck. Even if it broke down through no fault of the buyer, the right to rescind and return is lost, where the injury did not result from the breach of warranty. *Keyser* v. *O'Meara,* 116 Conn. 579. *Hamilton* v. *Sterling Motor Truck Co. of New England,* 52 R. I. 328. *Summers* v. *Provo Foundry & Machine Co.* 53 Utah, 320. The case of *Head* v. *Tattersall,* L. R. 7 Ex. 7, stated in *O'Shea* v. *Vaughn,* 201 Mass. 412, 422, 423, if rested on the right to rescind for breach of warranty (*Elphick* v.

*Barnes*, L. R. 5 C. P. 321), appears inconsistent with our sales act. That act applies to contracts of conditional sale. *Gottman* v. *Jeffrey–Nichols Co.* 268 Mass. 10, 12–13. *Thomas G. Jewett Jr. Inc.* v. *Keystone Driller Co.* 282 Mass. 469, 476, 477. The requested ruling that the plaintiffs cannot recover because they failed to offer to return the goods in the condition required by the statute, should have been given.

*Order dismissing report reversed.*
*New trial ordered.*