Hibbard, P. J.
This is an action of contract and tort in which the plaintiff seeks to recover damages as set out in his declaration which reads as follows:
“Count 1. Now comes the plaintiff in the above-entitled action and says that on or about the first of April, 1942, he purchased a manure-spreader from the defendant, paying the defendant $75.00, the agreed purchase price, for the said spreader and that the manure-spreader so purchased was mechanically defective, which fact was not known or made known to the plaintiff and because of the aforesaid mentioned defect, the plaintiff could not use the manure-spreader *373 for the purpose for which it was purchased, said purpose being known to the defendant at the time of the sale and that the plaintiff relied on the defendant’s judgment in making the purchase. Wherefore the plaintiff has rescinded the contract and the defendant owes the plaintiff the purchase price of $75.00.”
The defendant’s answer was a general denial.
The material parts of the decision by the Trial Judge are as follows:
‘ ‘ The evidence tended to show that on or about April 1, 1942 the plaintiff was a farmer in Húndale, carrying on a dairy and raising crops. He was acquainted with the defendant who resided on the highway to Blandí or d, in the village of Woronoco, and conducted a limited business in handling farming tools. Through an advertisement in the public press, the plaintiff learned that the defendant had two used manure spreaders' for sale. The plaintiff, accompanied by his adult son, Joseph, called on the defendant at his home; conversed with the defendant; and examined the only spreader which the defendant had on hand. They agreed upon the price of $75.00 and the plaintiff made a partial payment thereon. A short time afterwards, the plaintiff called at the defendant’s location, paid the balance in full and arranged for a truck to convey the spreader to the Húndale farm of the plaintiff. The evidence varied as to the examination given by the plaintiff to the spreader before purchase. The defendant said that it was a real examination, but the plaintiff claimed it was only causal, and that he depended upon the statement of the defendant that ‘it was a good spreader ’.
Upon the spreader being tried out at the plaintiff’s farm with the hopper filled with manure and a pair of horses hitched to it, the machine spread such a thin coating of manure as to be useless for all practical purposes on a farm. The plaintiff, his son and an experienced farmer could not improve the condition. The defendant was notified and was requested to go to Húndale and examine the spreader. In fact, he was notified by the plaintiff several times but he never went *374 near the spreader. The plaintiff rented another secondhand spreader and proceeded with his necessary work in a satisfactory manner.
The law in a case of this kind is very definite and also rather simple. It is admitted that the plaintiff had paid $75.00 in full before he was permitted to remove the spreader from the defendant’s location. I find that the plaintiff complained about the failure of the spreader, but I find also that he never returned the spreader to the original location at the defendant’s home in Woronoco. Under circumstances like these, I find that the plaintiff has no standing in law to bring a suit for rescindment of the contract. The article must be returned before the suit is started. See General Laws of Massachusetts (Ter. Ed.), Chap. 106, Section 58; also consult Restatement of the Law, Contracts, Vol. II, Chap. 12, pages 597 and 598. I find for the defendant.”
The plaintiff seasonably filed certain requests for rulings of law. The first, second, fifth, sixth, eighth, ninth and tenth were granted. The third which was as follows “If the buyer makes known to the seller the particular purpose for which goods or articles are required and it appears that the buyer relies on the seller’s skill and judgment in selecting the goods or article, there is an implied warranty that the goods or article shall be reasonably fit for the purpose” was granted in effect by the statement of the Court ‘ ‘ True in general; not important in this case. ’ ’ The fourth which was as follows “A statement by a seller ‘It - works good’ is an expressed warranty if it tends to induce purchase” was neither granted nor denied, the Court stating “It may be such; unimportant in this case.” The seventh which was as follows “The plaintiff has a legal right to treat the contract as rescinded and recover the purchase price” was denied. The Court found for the defendant.
It is clear the Trial Judge decided this case upon the strict technical ground that the plaintiff had set forth in the declaration a claim that he had rescinded the contract *375 but that the evidence did not disclose the spreader had been returned.
The report however discloses no rescission, no affirmative act or notice ordinarily considered as required. The only evidence is to the effect that the plaintiff requested the defendant to examine the spreader. However, the Trial Judge apparently decided the case correctly upon the pleadings (Dennenberg v. Jurad, 300 Mass. 488).
The Trial Judge granted the plaintiff’s sixth request which was as follows “In the present case, there were breaches of implied and expressed warranties.” This was in reality a request for a finding of fact, but it having been granted, we are warranted in holding that he had found there were breaches, both of the implied and expressed warranties.
Upon these findings, the plaintiff was entitled to recover something under Gen. Laws, Chap. 106, Sec. 58 (b).
It is clear that if the plaintiff fails on a mere technicality or inapt phrasing of the declaration, a manifest injustice would be done. The last sentence in Count I of the Declaration might properly be construed as a statement that the plaintiff relied on the defendant’s skill and judgment and statement as to the mechanical'condition of the spreader and finding that such dependence was unjustified, demanded the amount paid as damages. The Trial Judge was not bound to give any of the requested findings of fact, but having undertaken so to do, the parties were entitled to definite findings of an affirmative or negative character. The denial of the seventh request of ruling at law may have been prejudicial error, depending upon other elements which we cannot determine with certainty. The interests of justice seem to require a new trial and this view is supported by the action of the Court in Dennenberg v. Jurad, supra. This will give the plaintiff the chance, if he so desires, to move for an amendment of his declaration.