## NIELSON v. HERMANSEN.

No. 6861. Decided February 18, 1946. (166 P. 2d 536.)

See 64 C. J., Trial, sec. 434; 46 Am. Jur., 561, et seq.

182

*D. C. Winget,* of Richfield, for appellant.

*Larson & Larson,* of Manti, for respondent.

LARSON, Chief Justice.

Complaint sets forth two causes of action: the first for breach of warranty in sale of seed wheat; the second for the loss of an eight acre planting of alfalfa which failed to grow because the wheat, purchased for use as a nurse crop to the alfalfa was not suitable for that purpose. The trial court directed a verdict for defendant on both causes of action. From this ruling and order, and the verdict thereon plaintiff appeals.

(1) Is there sufficient evidence of a warranty to raise a question for determination by the jury?

On a motion by defendant for a directed verdict in his favor, the evidence must be viewed in the light most favorable to plaintiff. As it is often put, if the evidence favorable to plaintiff, with all reasonable inferences and intendments that can be drawn therefrom could sustain a verdict for plaintiff the cause should be submitted to the jury. There is evidence that the plaintiff went to defendant's place of business, and stated that he wanted some Federation seed wheat; that defendant stated that he had some Federation seed wheat and took plaintiff to the back yard and showed him some wonderful wheat, sacked in hundred pound bags, each having a tag labelled "Federation Seed Wheat, cleaned and treated, 100 lbs.", that defendant told plaintiff it was Federation wheat and that plaintiff believed and relied on such statement and representation and so relying bought and planted the wheat; that the wheat had a "red cast" like Federation; that no one by looking at wheat in the kernel can tell what kind of wheat it is.

Section 81-1-12 U. C. A. 1943, defines an express warranty as: 3-5

"Any affirmation of fact * * * by the seller relating to the goods is an express warranty, if the natural tendency of such affirma-

tion \* \* \* is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon."

This court in a number of cases has passed upon what constitutes a warranty. *Stringfellow* v. *Botterill Auto*, 63 Utah 56, 221 P. 861, 34 A. L. R. 533; *Jorgensen* v. *Gessell Brick Co.*, 45 Utah 31, 141 P. 460, Ann. Cas. 1917C, 309; *Studebaker* v. *Anderson*, 50 Utah 319, 167 P. 663; *Summers* v. *Provo Foundry*, 53 Utah 320, 178 P. 916. This statute and the decisions of this court make it clear that an affirmation of fact, that is a representation, is a warranty and not merely evidence of a warranty, if its natural tendency is to induce the buyer to purchase the goods and the buyer thus induced does purchase them. Words of warranty such as "I guarantee or I warrant" are not necessary for an express warranty; a positive affirmation of the fact is enough to render the seller liable. The representation of fact which would naturally tend to and does induce a bargain is a warranty. The fact that the defendant did not intend to warrant is no defense if he did make a statement which brings him within the statute. Williston on Sales, vol. 2, p. 368, deals with this question as follows:

"The question of intent on the part of the seller which has caused trouble in the decisions is entirely avoided; under the statute no intent is necessary. It is the natural consequences of what the seller says and reliance thereon of the buyer that alone are important."

We adopted this rule in the case of *Anglo-California Trust Co.* v. *Hall*, 61 Utah 223, 211 P. 991, 993, when Chief Justice Weber quoted Black on Recissions and Cancellation, § 23, as the correct law:

"Fraud is distinguished from breach of warranty in this respect: That, in the case of fraud, there is a guilty knowledge of the falsity of the representation on the part of the party making it, while in a breach of warranty there is not [Sic. need not be] this guilty knowledge."

This rule was again applied in the case of *Stringfellow* v. *Botterill Auto Co.*, 63 Utah 56, 221 P. 861, 862, 34 A. L. R. 533, when the court held:

"When the dealer in writing said, 'This is a 1922 model Essex car,' he warranted the car to be that very thing. It was expressed warranty under the statute (Comp. Laws 1917, § 5121), regardless of whether defendant was or was not guilty of intentional deceit."

A positive statement by the seller by way of the identity, nature or kind of the goods or in regard to them, as a statement of fact, not opinion, is a warranty. Where it appears doubtful whether or not the statement is one of fact or opinion, and therefore whether there is a warranty, the question should be left to the trier of the facts. In this case there is evidence that the defendant labelled the wheat with tags on which were the words "Federation Wheat cleaned and treated 100 lbs." In addition there is evidence that he made apt and explicit statements relating directly to the kind of wheat it was, the natural tendency of which might induce the plaintiff to purchase it. This evidence is substantial; it supports the essential facts which the plaintiff is required to prove, and if believed, is sufficient to support a verdict for plaintiff. The question should have been put to the jury.

While the pleadings indicate that both plaintiffs' causes of action were founded upon the theory of an express warranty, both parties without objection put in evidence apparently directed at the issues as to whether there was an implied warranty: first, as the wheat being Federation wheat; and second, as to an implied warranty of fitness, on the theory that defendant knew that the plaintiff intended to use some of the wheat as a nurse crop for alfalfa, and therefore impliedly warranted that it was wheat suitable for a nurse crop. As to the first of these propositions there is evidence that plaintiff told defendant that he wanted Federation seed wheat; that defendant took plaintiff back of the store and showed him what defendant had just purchased as Federation; that the bags were labelled "Federation"; and that there was a custom among seed dealers in Sevier County to warrant labelled seed to be the kind shown by the label; that plaintiff had no way

of knowing this wheat was not Federation, and bought it believing he was receiving Federation wheat. Since both parties offered evidence and tried the issue as to whether there was an implied warranty, without objections as to whether the issue was raised by the pleadings, we will for the purposes of this appeal consider the pleadings amended to include this issue. We cannot say that if a jury found the foregoing statement to be the facts, it would be unreasonable to find the wheat impliedly warranted to be Federation. This question should have been submitted to the jury.

As to the question of warranty of fitness as a nurse crop, it is conceded by both parties that Federation wheat is a splendid nurse crop. Both parties offered evidence as to whether there was custom of farmers in Sevier County to plant wheat as a nurse crop with a new planting of alfalfa, the evidence is conclusive that it was not the custom to plant alfalfa with wheat crops,— that is, very little alfalfa was grown and wheat was generally grown for the grain without alfalfa. There is no evidence at all in the record that defendant knew that plaintiff intended to plant alfalfa with the wheat. Furthermore all the evidence is, not that plaintiff wanted a wheat that would be a good nurse crop but that he wanted a particular kind of wheat, Federation. There is therefore no evidence to justify submitting the cause to the jury on the theory of an implied warranty of fitness of the wheat for use as a nurse crop for alfalfa. As to whether the evidence as to the loss of the alfalfa stand may be pertinent on the question of damage in the event a warranty is proved we express no opinion. That question is not here.

The judgment is reversed and the cause remanded to the District Court for a new trial. Cost to appellant.

McDONOUGH, TURNER, and WADE, JJ., concur.

WOLFE, Justice (concurring).

I concur in the opinion of the CHIEF JUSTICE except

that I have difficulty agreeing that there is evidence in the record of a custom among seed dealers where this sale was made to warrant labelled seeds to be the kind shown by their label. The only evidence which might show said custom is the testimony of seed-dealer Horne of Richfield. Horne testifies he knows of no custom of non-warranty and that he does warrant the seeds he sells to be as labelled. I am not prepared to say that, standing alone, testimony by one seed dealer that he warrants is evidence of a custom among seed dealers to warrant. There was no evidence of how many seed dealers operated in that territory.