TOMASELLO, J.
In an action of contract or tort the plaintiff corporation seeks in two counts of its declaration to recover damages, first for breach of warranty and secondly for fraud arising out of the purchase by the plaintiff from the defendant corporation of a new Dodge motor vehicle. The defendant’s answer of general denial included an allegation that no damages were sustained by the plaintiff.
The evidence showed that the defendant had been a franchised dealer in Dodge automobiles for a long period of time. On or about January 1, 1948, the plaintiff’s agent went to the premises of the defendant to purchase a new Dodge motor vehicle. At that time, the defendant showed the plaintiff a new Dodge car and the plaintiff arranged to purchase the same. On January 2, 1948, the plaintiff came to the premises of the defendant company, paid for and accepted delivery of the Dodge motor vehicle and received a bill of sale dated January 2, 1948, describing the motor vehicle as follows:
At the time the bill of sale was handed to the plaintiff, it read “1 1947 Dodge Coach”. The plaintiff questioned the salesman and the salesman said it was an error and took the bill of sale into the office and it was retyped to read “1 1948 Dodge Coach”. The plaintiff did not learn that the car, which it had bought, was not a 1948 until notified by the Registry of Motor Vchicles on April 13, 1950, and the defendant thereafter on May 3, 1950, gave notice to the defendant of a breach of warranty and claimed *[57] damages. The serial number of the automobile purchased was 30998890. On or about January 15,1948, the defendant received a letter from the Chrysler Corporation, Dodge Division, stating that effective January 2, 1949, Dodge cars beginning with the serial number 31011766 would be considered 1948 cars.
The plaintiff introduced evidence in regard to the difference in value between the car sold and the 1948 model, both at the time of sale and at the time the plaintiff acquired knowledge of the breach of warranty. The defendant introduced evidence that there was no difference in value between the 1947 car sold to the plaintiff and a 1948 car on the date of the sale.
To the plaintiff’s pertinent requests for rulings the trial judge ruled:
2. The evidence does not warrant a finding for the defendant.
“Denied.”
9. Upon all the evidence a finding is compelled for the plaintiff for the reasons that (a) the defendant represented the motor vehicle to be a 1948 Dodge; (b) the representation that the motor vehicle was a 1948 Dodge was a material representation; (c) the motor vehicle in truth and in fact was a 1947 Dodge; (d) the representation that the motor vehicle was a 1948 Dodge being contained in the bill of sale cannot be varied by paroi evidence; (e) the plaintiff notified the defendant of the breach of warranty seasonably upon acquiring knowledge thereof; (f) the plaintiff was damaged by the representation that the vehicle was a 1948 Dodge when in truth and in fact it was a 1947 Dodge.
“Denied.”
11. Where defendant falsely and fraudulently represented the motor vehicle which was sold to the plaintiff to be a 1948 model, when it knew that said motor vehicle was a 1947 model, then the measure of damage is the loss sustained by the plaintiff as a natural and probable consequence thereof.
"Inapplicable. I do not find that the defendant falsely and fraudulently represented the motor vehicle to be a 1948 model when it knew that said motor vehicle was a 1947 model.”
12. Where defendant falsely and fraudulently represented the motor vehicle which it sold to the plaintiff to be a 1948 model, when it knew that said *[58] motor vehicle was a 1947 model, then the measure of damage is the difference between the fair market value of the motor vehicle at the time the plaintiff discovered the fraud and the fair market value of the motor vehicle if it were as represented.
“Denied. See No. 11, also findings of fact.”
13. The defendant having falsely and fraudulently represented the motor vehicle which it sold to the plaintiff to be a 1948 model, when it knew that said motor vehicle was a 1947 model, then the loss as a natural and probable consequence thereof is the difference between the fair market value of a 1947 Dodge and a 1948 Dodge of the type purchased at the time of discovery of the fraud.
“Inapplicable. See No. 11. See also findings of fact.”
14. Where it appears that a motor vehicle is sold as a 1948 Dodge Sedan and in truth it is a 1947 Dodge and it appears that there is approximately a depreciation in value of 20% of a new car of a prior year when the new year’s car is issued then the plaintiff may recover the amount of said depreciation as damages.
“Inapplicable. I do not find there was a 20% depreciation between the car as sold and a 1948 model.”
The findings of fact made by the trial judge were as follows: “I find that on January 1, 1948, the plaintiff through its representative went to the defendant’s place of. business desiring to buy a new Dodge car, that new cars at that time were very scarce, that the defendant had only one new Dodge car which was shown to the plaintiff, that the plaintiff inquired if it had super cushion tires and on being told that it had said that was what he wanted. The plaintiff returned the next day and purchased the car paying for it. The defendant gave the plaintiff a bill of sale of the car. The bill of sale stated that the car was a 1947 model. The plaintiff called this to the attention of the defendant and the defendant then had the bill of sale changed to read 1948 model. The automobile had been delivered to the defendant by the manufacturer within fifteen days from the date of sale. It differed from the other 1947 models previously delivered to the defendant by having super cushion tires. The serial number of the automobile *[59] was 30998890. About January 15, 1948, the defendant received a letter from the Chrysler Corporation, Dodge Division, stating that effective January 2, 1949, Dodge cars beginning with the serial number 31011766 'will be considered for registration purposes to be of the 1948 series.’ I find that there was no difference between the car sold to the plaintiff and a 1948 model other than that the serial number was a smaller number than 31011766. The plaintiff did not learn that the car which it had bought was not a 1948 model until notified by the Register of Motor Vehicles April 13, 1950, and the plaintiff thereafter on May 3, 1950, gave notice to the defendant of a breach of warranty and claimed damages. I further find that at the time the defendant sold the car to the plaintiff, the defendant did not know the car was not a 1948 model and I further find that at the time of sale there was no difference in value between the car sold to the plaintiff as a 1948 model and a 1948 model and that the plaintiff suffered no damage by the misrepresentation of the defendant, and I am not satisfied and so do not find that the plaintiff relied upon the misrepresentation of the defendant that the car was a 1948 series car.”
After a finding for the defendant, the plaintiff seasonably filed a motion for new trial and assigned as reasons therefor that the finding was (1) against the evidence, (2) against the weight of the evidence, (3) against the law and (4) inconsistent with the court’s findings and rulings. This motion was denied and the trial judge ruled as follows upon pertinent requests for rulings presented by the plaintiff:
1. Where the court has found that there is a misrepresentation of a material fact amounting to a breach of warranty and the said misrepresentation constituted the misrepresentation of the year of a motor vehicle as being a 1948 Dodge instead of a 1947 Dodge, then the court must take judicial knowledge of the fact that such misrepresentation damages the plaintiff.
“Denied. I found there was no damage.”
2. Where the court finds that there was a misrepresentation of a material fact in that the defendant misrepresented to the plaintiff that a motor vehicle was a 1948 Dodge when in truth and in fact it was a 1947 Dodge, then a finding that in spite of said mis *[60] representation, the plaintiff suffered no damage is inconsistent.
“Denied.”
4. Where the court finds that the defendant represented the motor vehicle sold to the plaintiff to be a 1948 Dodge Coach when in truth the defendant did not know whether it was or was not a 1948 Dodge Coach, and in truth and in fact it was a 1947 Dodge Coach, then a finding that the defendant did not falsely and fraudulently represent the motor vehicle to be a 1948 Dodge Coach is inconsistent.
“Inapplicable. I did not so find.”
5. A new trial is warranted in that the finding of the court is against the law for the reason that by virtue of General Laws Chapter 106, Section 58, Subsection 6, the measure of damages for breach of warranty shall be the loss directly and naturally resulting in the ordinary course of events from such breach and where the plaintiff has offered evidence of the amount of damage, both at the time of sale and at the time that it acquired knowledge of the breach and damage is. presumed as a matter of law.
“Denied. I found there was no damage.”
Upon appeal to this court, the plaintiff claimed to-be aggrieved by the denial of the original requests numbered 2, 9 and 12 and the ruling on requests numbered 11, 13, 14 and also by the denial of requests numbered 1, 2 and 5 and the ruling on number 4 filed at the hearing on the motion for a new trial.
The granting of original request for ruling No. 5, “A representation in a bill of sale as to the year of a motor vehicle is a material representation,” would indicate that the trial judge was aware of the representation as made in the bill of sale, and where the contract or bill of sale described the automobile as a 1948 model, it was conclusive evidence that the car to be sold to the plaintiff was a 1948 model. Stringfellow v. Botterill Auto Co., 63 Utah 56. The trial judge-in his findings of fact however has found that there was no reliance upon the misrepresentation of the defendant that the car was a 1948 series car, and that the plaintiff suffered no damage. This conclusion would pre-suppose that the trial judge was not satisfied that the request of the plaintiff for a change of the description of the year of model of the car, in the bill of sale, taken with the plaintiff’s observance of *[61] the style of the car and his subsequent registration of it, constituted a reliance upon the representation.
In view of the evidence presented the further conclusion that the plaintiff suffered no damage would draw the assumption that the trial court found that because the style and model, other than the serial number and rubber cushion tires, between a 1947 and 1948 car were the same, that there was no difference between the contract price and the market price of these cars.
The rule laid down in the Sales Act is that “the measure of damages for breach of warranty shall be the loss directly and naturally resulting, in the ordinary course of events, from such breach,” that in case of “breach of warranty of quality such loss, in the absence of special circumstances showing proximate damage of a greater amount, shall be the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if answering to the warranty,” but that nothing in the act “shall affect the right of the buyer ... to recover . . . special damages in any case where by law recoverable.” Gen. Laws (Ter. Ed.) c. 106, s. 58 (6) (7). Country Club Soda Co., Inc., v. Arbuckle, 279 Mass. 121, 133. “Quality of goods” includes their state or condition. Gen. Laws, (Ter. Ed.) c. 106, s. 65, and the sections of the Sales Act shall be interpreted and construed, if possible to effectuate their general purpose to make uniform the law of those states which enact them. G. L. (Ter. Ed.) c. 106, s. 63.
The representation in the instant case is not one as to the “quality” of the automobile. Where such a representation is not one of quality it comes within the general definition of an express warranty in the Act. Williston on Contracts (Rev. Ed.) s. 970. Stringfellow v. Botterill Auto Co., 63 Utah 56. The bill of sale contained a description amounting to a warranty that the automobile was of the year 1948, for which, even a statement, if it were present, that the plaintiff acknowledged “delivery and acceptance of the automobile in its present state after thorough examination” would not absolve the defendant from responsibility upon its warranty. Denenburg v. Jurad, 300 Mass. 448, 491.
*[62] A remedy for breach of waranty is available upon a misrepresentation made to one who keeps and uses the personal property, Menici v. Orton Crane & Shovel Co., 285 Mass. 499, and the measure of damage is the “loss directly and naturally resulting,” in the ordinary course of events, from such breach. G. L. (Ter. Ed.) c. 106, s. 58 (6), Parker v. Shaghalian & Co., 244 Mass. 19; Spillane v. Corey, 323 Mass. 673; U. S. v. Whitin Machine Works, 79 Fed. Sup. 351. This rule of damage for breach of warranty on the sale of chattels is well settled and familiar. It is the difference between the actual value of the article sold and the value of the same article if it had been such as the vendor warranted it to be. Stock & Sons v. Snell, 226 Mass. 499, 504; Learned v. Hamburger, 245 Mass. 461, 470. However, this rule as to damage may be altered where there is a violation of duty during a panic or unusual depression. In general when exceptional circumstances appear which demonstrate that the rule of fair market value would not afford compensation, then the usual principle becomes no longer applicable and inquiry is made as to the real damage sustained by the breach of the duty or other injury. Where special or exceptional circumstances are made to appear, resort may be necessary to the rule that a party injured by the breach of contract is entitled to be compensated for the loss sustained as the natural and probable consequences flowing from the failure of the other party to perform the contract,' or which reasonably may be presumed to have been within the contemplation of the parties at the time the contract was made as a probable result of a breach of it. Hall v. Paine, 224 Mass. 62, 68, 69.
No exceptional circumstances are disclosed in this case which require the application of any other than the ordinary rule of damages which is followed in this and other jurisdictions. Clark v. Henshaw Motor Co., 246 Mass. 386; Charles St. Garage Co. v. Kaplan, 312 Mass. 624; Chase v. Leonard, 69 Idaho 109; Griswold v. Tucker, 216 S. W. (2nd) 276; Brightwater Paper Co. v. Monadnock Paper Mills, 68 Fed. Sup. 714; Williams v. McClain, 180 Mass. 6. The term judicial notice which is divided into judicial knowledge and common knowledge means no more than that the court will bring to its aid and consider, without proof of the facts, its knowledge of those matters of public concern which are known by all well *[63] informed persons. 31 C.J.S. s. 6, p. 509. Although a fact must be pretty well known and' pretty obvious besides, before it can be taken judicial notice of, it is not necessary for courts to wait, before taking judicial notice of a thing, until everybody knows and understands it. Judicial notice is taken of what is within the knowledge of most men. Topeka v. Stevenson, 79 Kan. 394; Porter v. Waring, 69 N. Y. 250.
This knowledge has frequently been utilized in determining economic conditions prevailing at Certain intervals; Purdie v. Roche, 304 Mass. 647; Bell v. Dist. Ct. of Holyoke, 314 Mass. 622; of standard mortality tables, Northern Pac. Co. v. DeValle Da Costa, 190 Fed. 689; that book values at a certain date of securities and discounts of banks would not reflect the real value of such assets; Smith v. U. S., 16 F. Sup. 393, 395, of the market value of rights to subscribe to new stock, Allen v. Commissioner of Corp. and Taxation, 272 Mass. 502 of the value of foreign money; Derinza Case, 229 Mass. 435, 444; of the value of automobiles, Commonwealth v. Hosman, 257 Mass. 379.
A court may use and apply its knowledge of human nature and experience in commercial affairs and transactions of everyday life. Warner v. Fuller, 245 Mass. 520, 529.
Motor vehicles have become of such general use, and form so large a part of the daily lives and experiences of the people, that judicial notice may be taken of those prominent facts in regard to them or their operation which are a part of the common ■knowledge of every person of ordinary understanding and observations. 31 C. J. S. s. 81, p. 674.
It is a matter of common knowledge that an automobile is a chattel commonly bought and sold in the market. Clark v. Henshaw Motor Co. supra; Poltorak v. Jackson Chevrolet Co., 322 Mass. 699.
It is common knowledge that automobiles of various mechanical designs, made by numerous manufacturers under multiform trade names, are constantly in the market for purchase and sale. And that Cars of any one of the makers Can be distinguished with reasonable certainty from other automobiles of the same class, only by the number by which each car is designated. Wise v. Kennedy, 248 Mass. 83, 85. A warranty must be reasonably construed in the light of common knowledge in reference to the nature of *[64] the article sold. Cavanaugh v. F. W. Woolworth Co., 308 Mass. 423, 426. The purchaser of an automobile has the right to rely upon representations as to the year of model of the car to be purchased and is not required to verify it by independent investigation, where the sales company and its agent who made the sale were engaged in the business of selling automobiles and the purchaser had confidence in him. Morris v. Fiat Motor Sales Co., 32 Cal. App. 315. By the same token, the purchaser of the motor vehicle, expects, and has a right to expect, that the “life expectancy” of a motor vehicle of 1948 model will be one year longer than that of a 1947 model; and it is idle to say that in a representation in writing, as we have before us, that a motor vehicle of the 1947 model would be worth as much as a 1948 model to the purchaser, conceding that the physical and mechanical condition of each might be apparently the same. Williams v. McClain, 180 Miss. 6, 13.
Where upon a sale, the vendor makes statements of material matters of fact to be true as of his own knowledge, which are untrue, and the vendee is thereby deceived, the fact that the vendor at the time did not know whether they were true or false is no defense. Hazard v. Irwin, 18 Pick. 95, 109; Litchfield v. Hutchinson, 117 Mass. 195; Tucker v. White, 125 Mass. 344; Moran v. Levin, 318 Mass. 770.
Where the contract of sale called for a 1948 model the buyer was entitled to the car he contracted to buy, and not a 1947 model, and if the dealer sold a car of 1947 model to the purchaser, it might look as well, it much but nevertheless the buyer contracted for a 1948 might wear as well, it might be intrinsically worth as style and was entitled to it, and if sold a Car of a previous year, the buyer sustained nominal damages at least. Stringfellow v. Botterill Auto Co., 63 Utah 56, 58.
It is not the practice upon appeal to review findings and conclusions based upon fact unless obviously erroneous and opposed to all the evidence. However, the trial judge may not disregard testimony when it appears to be based upon intelligent and logical reasoning. Smith v. Utah, 16 Fed. Sup. 393.
The evidence reported would indicate that the plaintiff relied upon the representation, especially in view of his desire to secure a change of year of model in the bill of sale. It is indubitable that the automo *[65] biles of 1947 and 1948 model at the time of purchase on January 2, 1950, had a difference in market value. The legislation for the purpose of excise tax, evaluates according to the year of model, Gen. Laws (Ter. Ed.) d 60A, s. 1, and it is commonly known that the trading value of a 1948 model is greater than that of a car of 1947 style or model.
It was not necessary to prove damages with mathematical accuracy. Bradford v. Cunard Steamship Co., 147 Mass. 55, 57; Randall v. Peerless Motor Car Co., 212 Mass. 352, 380; Babikian v. Brown, 293 Mass. 195, 200. Assuming that the trial judge considered that no evidence had been produced or that he disbelieved testimony from which the facts necessary to determine damages under the proper rule could be determined, he should have found nominal damages. Rockhill Iron & Coal Co. v. City of Taun-ton, 273 Fed. 96; King Features Syndicate v. Cape Cod Broadcasting Co., 317 Mass. 652, 655; Bartlett v. Keith, 325 Mass. 265. If based upon the defendant’s evidence that there was no difference in market value between the 1947 and 1948 car, a finding by the trial court that the plaintiff (buyer) sustained no damage through the defendant’s (seller) alleged breach of warranty is untenable and not binding upon appeal. Stringfellow v. Botterill Auto Co., 63 Utah 56.

New trial ordered.