67 So.2d 844

## TUSCALOOSA TRUCK & TRACTOR CO. v. STEWART.

### 6 Div. 652.

Court of Appeals of Alabama.

June 16, 1953.

Rehearing Denied Aug. 11, 1953.

Davis & Zeanah, Tuscaloosa, for appellant.

F. F. Windham, Tuscaloosa, for appellee.

CARR, Presiding Judge.

This is an action for deceit in the sale of an automobile. In the court below the plaintiff recovered judgment in the amount of $350.

On the submission in this court the appellee filed a motion to dismiss the appeal on the ground that there was "delay in prosecuting the same." This insistence is based on the belated action of the trial judge in ruling on the motion for a new trial.

The attorneys entered into an agreement with respect to this delay, the effect of which was a waiver by the appellee of a discontinuance of the motion. Sovereign Camp, W. O. W. v. Thompson, 234 Ala. 216, 174 So. 761.

The evidence in appellee's behalf supported his claim that he purchased a Packard automobile from the appellant and it was represented to be a 1950 model when in fact it was a 1949 model.

Mr. Mills, salesman for appellant, testified he told the appellee that the automobile was a 23rd series, which was a late 1949 or early 1950 model.

"A contract of sale of a motor vehicle designating it as a model of a partic-

ular year constitutes a warranty that it is of that model, and the warranty is broken by delivering to the buyer a model of a different year." 77 C.J.S., Sales, § 330 (a), p. 1201. See also, Kilborn v. Henderson, Ala.App., 65 So.2d 533 [1]; Williams v. McClain, 180 Miss. 6, 176 So. 717; Pendell v. Warren, 76 Cal.App. 33, 243 P. 707; Foutty v. Chalmax Sales Co., 99 W. Va. 300, 128 S.E. 389; Stringfellow v. Botterill Automobile Co., 63 Utah 56, 221 P. 861, 34 A.L.R. 533, annotations p. 537 and 538.

■ We cannot agree with the insistence that appellant was due the general affirmative charge. There was substantial evidence that the Packard was a 1949 model and there was sharp conflict in the testimony relating to the representations. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

The fairly recent case of Liberty Motors, Inc. v. Haynes, 36 Ala.App. 600, 61 So.2d 135, is not factually comparable to the case at bar. In the Haynes case we held that the defendant was not due the general affirmative charge, but we concluded that the verdict was contrary to the evidence. The preponderance of the proof established that the year model of the automobile was as it was represented by the salesman.

Appellant claims there was no proof that the appellee was damaged.

A witness testified that the reasonable market value of a 1949 Packard car was between $1700 and $1800 and a 1950 model from $2100 to $2200.

■ Appellant's attorney excepted to the following excerpt from the court's oral charge:

"Gentlemen, if I stated to you that the measure of damage in the event you determine plaintiff was entitled to recover was the difference of the market value in a 1949 and 1950 automobile then I withdraw that statement. If you determine that the plaintiff was entitled to recover and you determine that a 1949 and 1950 automobile were the same value the plaintiff would not be entitled to recover. In other words, if the plaintiff wasn't damaged and both a 1949 and 1950 automobile are the same value and plaintiff wasn't damaged he would not be entitled to recover any damage."

The insistence is made that the statement of the court left the question as to the measure of damages in doubt and confusion.

If it can be said that this was an incomplete, misleading assertion, appellant's counsel could have clarified the instruction by a request for an explanatory charge. Evans v. State, 17 Ala.App. 141, 82 So. 625; Knight v. State, 22 Ala.App. 557, 117 So. 804.

■ The only other question pressed in brief of counsel relates to the action of the court in permitting the appellee to introduce an insurance policy in evidence. The conditional sales contract for the balance of the purchase price of the car was sold to a finance company. This company secured the policy in question. Apparently the instrument was later mailed to the appellee by the insurer. The policy designated the automobile as a 1950 model. The appellee did not negotiate with the insurance company for the policy. This was done by the finance company.

The character of the transaction leads to the conclusion that the data relating to the description of the car was obtained from some record which was prepared or furnished by the appellant.

The admissibility of the instrument comes under the influence of the rule pertaining to admissions. 9 Ala. Digest, Evidence, ☞215(1).

■ It should be noted also that in actions of the kind at bar great latitude is allowed in the scope of the introduction of evidence. 10 Ala. Digest, Fraud, ☞52.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.

1. Ante, p. 173.