[No. 34655. Department One. December 4, 1958.]

WADE R. DANIEL, *Respondent*, v. LILENQUIST MOTORS, INC., *Appellant*.[1]

*R. G. McBroom*, for appellant.

MALLERY, J.—Wade R. Daniel sued Lilenquist Motors, Inc., for rescission of a conditional sales contract of a truck on the grounds of false representations as to its year model. The defendant pleaded mistake as an affirmative defense and prayed for reformation of the contract. The defendant appeals from an adverse judgment.

On October 16, 1956, respondent went to appellant's place of business to purchase a logging truck. He inspected appellant's stock of trucks and selected one. Appellant's salesman told him it was a 1948 model. He signed a purchase order which did not contain any statement as to the year model. The order was accepted by appellant's president, who, thereupon, had a conditional sales contract drawn which recited that the truck was a 1948 model. Both parties signed the conditional sales contract. Respondent made a down payment at that time and paid the balance of the

[1]Reported in 332 P. (2d) 459.

purchase price about a month later. In January, 1957, respondent received a certificate of ownership from the Washington state department of licenses which showed the truck was a 1940 model. Upon learning this, he caused a letter to be written to appellant on January 4, 1957, offering:

" . . . As a compromise Mr. Daniel is willing to accept the difference in valuation [between a 1940 model and a 1948 model], or will return the truck and you will return to him the purchase price and other items in connection with the sale."

The evidence is in sharp conflict. The appellant contends the court erred in making findings of fact in accord with the respondent's testimony. It asks us upon appeal to agree with its version of the facts to the effect that the salesman did not say the truck was a 1948 year model, but sold it strictly upon an "as is where is" basis; that the 1948 year model notation in the conditional sales contract was a typographical error and, hence, was not a misrepresentation but merely a mutual mistake; and that the sales order and not the conditional sales contract was the agreement between the parties.

As to appellant's factual contentions, it is enough to say that the record supports the trial court's findings of fact. That being so, the misrepresentation of eight years in the age of the truck constituted fraud and supports the conclusion of law that respondent was entitled to a rescission of the contract.

Appellant further contends the respondent did not return the truck and, hence, cannot have a rescission of the contract for that reason. The complaint contains the allegation: "VII. The plaintiff herewith tenders to the defendant the said vehicle."

The record shows that the respondent did not use the truck after mailing his letter offering to return it. Prior to the trial the title to the truck was revested in the appellant, and it now has possession of the truck.

We think appellant's contention is without merit. The respondent has done all that he equitably ought to do under

the liberal rule regarding tender as laid down in *Bariel v. Tuinstra*, 45 Wn. (2d) 513, 276 P. (2d) 569.

The judgment is affirmed.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.

*January 23, 1959.* Petition for rehearing denied.