*Northern District*

No. 8325

# BEST BUICK, INC.
## v.
# DENNIS A. WELCOME

Argued: May 15, 1975. Decided: November 3, 1975.

Case tried to *Tiffany, J.,* in the Central Court of Northern Essex. Number: 710-1973.

Present: Forte, J., (Presiding), Gould, Flaschner, J.J.

**Flaschner, J.** This report presents the question of whether the defendant is liable for a breach of an express warranty when he misstated the model year of the vehicle he sold to the plaintiff in trade as part of the purchase-price of a new vehicle he bought from the plaintiff. The defendant owned a Mercedes Benz which was sold to him as a 1970 model. It was so registered and the defendant in good faith represented it as such to the plaintiff automobile dealer when he sold it as a trade-in to the dealer for the purchase of a 1973 Buick LeSabre on August 13, 1973. In fact, the Mercedes Benz was a 1968 model. The trade-in allowance for the Mercedes Benz as a 1970 model was $3900, but as a 1968 model it would have been $2200.

The trial justice found for the defendant. His written decision emphasizes the respective positions of the parties: the defendant as an innocent, non-expert individual and the plaintiff as an experienced automobile dealer with the means to determine the model year and value of the Mercedes Benz. The trial justice concluded that a literal interpretation of G.L. c. 106, §2-313(1) as to the statements of the defendant to a representative of the plaintiff "would be unconscionable." We disagree because this section of the UCC requires a finding for the plaintiff.

Subsection (a) of s. 2-313(1) states: "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain creates an express warranty that

the goods shall conform to the affirmation or promise." Subsection (b) states: "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." A statement by the seller of a motor vehicle as to its model year is such an "affirmation of fact" and such a "description of the goods." It was even deemed to constitute a warranty under the Uniform Sales Act before the UCC, *Denenberg v. Jurad,* 300 Mass. 488, 490 (1938); *Quality Paper Box Co. v. Westminster Motors, Inc.,* 3 Mass. App. Dec. 56, 61 (1951).

This has been the general rule in other jurisdictions: *Kilborn v. Henderson,* 65 So. 2d 533 (Ala. App. 1953); *Morris v. Fiat Motor Sales,* 162 P. 663 (Cal. App. 1916); *Pacific Finance Corp. v. McGowan,* 287 P. 139 (Cal. App. 1930); *Dwyer v. Redmond,* 124 A. 7 (Conn. 1924); *Fairfield Finance & Mortgage Co. v. Griffin,* 144 A. 43 (Conn. 1928); *Jesse M. Chase, Inc. v. Leonard,* 203 P. 2d 600 (Idaho 1949); *Standard Motor Co. v. Peltzer,* 128 A. 451 (Md. 1925); *Williams v. McClain,* 176 So. 717 (Miss. 1937); *Mayfield Motor Co., v. Parker,* 75 So. 2d 435 (Miss. 1954); *Havas v. Alger,* 461 P. 2d 857 (Nev. 1969); *Daniel v. Lilenquist Motors, Inc.,* 332 P. 2d 459 (Wash. 1959). Similarly in cases involving goods other than motor vehicles which are also differentiated by model years. *Paragould v. International Power Machinery Co.,* 349 S.W. 2d 332 (Ark. 1962) (a generator); *Kensair Corp. v. Peltier,* 472 P. 2d 700 (Colo. App. 1970) (an airplane).

A number of these cases involved oral warranties. *Denenberg v. Jurad,* 300 Mass. 488, 490, cannot be

distinguished because it dealt with a written contract. See: 1 Anderson, Uniform Commercial Code 493.

Nor can *Quality Paper Box Co. v. Westminster Motors, Inc.,* 3 Mass. App. Dec. 56, 61 be distinguished because the defendant in that case was an automobile dealer with presumed superior knowledge of the chattel or because there was a suggestion of that defendant's bad faith. §2-313 imposes liability for express warranties on any "seller", whereas §2-314 imposes liability for implied warranties only on a seller who "is a merchant with respect to goods of that kind." The trial justice's reliance on *Kurriss v. Conrad & Co., Inc.,* 312 Mass. 670 (1942) was misplaced, because that case dealt with an alleged breach of an implied warranty prior to the adoption of the UCC. ". . . When the seller makes an express warranty which is not true, it is no defense that the seller had acted in good faith without knowledge of the defect." 1 Anderson, supra at 491. See: *O'Connell v. Kennedy,* 328 Mass. 90, 95 (1951) holding that an express warranty of a horse's soundness bound the defendant who had no knowledge of its unsoundness. See also *Paragould v. International Power Machinery Co.,* supra; *Kensair Corp. v. Peltier,* 349 SW 2d 332 (Ark. 1962); *Capital Equipment Enterprises, Inc. v. North Pier Terminal Co.,* 254 N.E. 2d 542 (Ill. App. 1969).

**Finding for defendant vacated. Judgment entered for the plaintiff in the amount of $1700, with interest from the date of the writ.**